LEMMON, Judge.
This appeal involves disputes over (1) the amount deposited into the registry of court by the lessees of immovable property in satisfaction of an earlier judgment rendered against them and (2) cancellation of the suspensive appeal bond furnished by the lessees.
I
The lease, as amended several times to increase the leased area, provided for rental of 2,625 square feet of ground floor space at $6.00 per square foot per year, or $1,312.50 per month, and of 2,625 square feet of mezzanine level space at 2% per month of the actual construction cost. Lessees paid the $1,312.50 each month for ground floor rental, but disputed the amount due for mezzanine space and paid only $525.00 per *18 month for this item.[1] After trial of lessors’ suit the trial court on July 2,1976 rendered judgment, holding that the cost of mezzanine construction was $41,377.92 and that the monthly rental should have been $827.56, and ordering lessees to vacate the premises and to pay rental for mezzanine space at $827.56 per month from February 21, 1973 through the date of judgment, subject to several stipulated adjustments and to credit for the amounts paid for mezzanine rental. The judgment also awarded 15% attorney’s fees and interest on the amount due. Lessees appealed suspensively from the judgment and furnished security in the amount of $40,000.00.
On appeal this court substantially affirmed the July 2, 1976 judgment, but amended (1) to correct a conceded error in the beginning date for payments (February 21,1974 rather than 1973) and (2) to award liquidated damages in the amount of $15,-000.00. See 363 So.2d 223. Lessees’ application for certiorari was denied on December 8,1978, and lessees vacated the premises.
II
The first issue in this appeal is the amount necessary to satisfy the July 2,1976 judgment.
After the denial of certiorari in the original matter lessees computed the amount due to satisfy the amended judgment as $22,767.63 and tendered that amount, which lessors refused. Lessees then deposited that sum into the registry of court and filed a rule to enjoin lessors from executing on the judgment and to order the July 2, 1976 judgment declared satisfied. After a hearing the trial court rendered judgment ordering the July 2, 1976 judgment to be marked satisfied upon payment by lessees of an additional $1,302.05. Lessors then filed the present appeal.
The record does not contain any evidence taken at the trial which resulted in the judgment on appeal, but lessees’ trial brief contains an itemization of the calculations which formed the basis of the January 15, 1979 deposit of $22,767.63 into the registry of court.[2]
Lessors’ original and supplemental briefs do not establish any error in the calculations, as increased by the trial court, and the court correctly ruled that the sums of $51,733.88 and $1,302.65 would satisfy the July 2, 1976 money judgment as to all amounts due through July 2,1976, including principal, interest, costs, attorney’s fees and liquidated damages.
Ill
The real dispute on appeal involves lessors’ contention that the July 2, 1976 judgment should not be marked satisfied and the suspensive appeal bond cancelled until the rentals are paid for the period beyond July 2, 1976, during which lessees occupied the premises pending disposition of their suspensive appeal. Lessors argue that the rentals for the period between July 2, 1976 and the date lessees vacated the premises constitute damages which may be satisfied by the suspensive appeal bond.
Security for a suspensive appeal may cover items other than the amount of a money judgment, such as damages for the delay resulting from the suspension of the execution. C.C.P. art. 2124(3). In a judgment of eviction, for example, the security is set “in an amount sufficient to protect the appellee against all such damage as he may sustain as a result of the appeal”. C.C.P. art. 4735.
*19 In the present case the July 2, 1976 judgment both ordered eviction and awarded lessors a sum of money. Upon lessees’ application for new trial filed on July 12, 1976 (after the July 6 notice of the signing of the July 2 judgment) the trial court deleted $300.00 from the award and otherwise denied a new trial. Lessees then appealed suspensively and furnished security on October 15, 1976.
The appeal, while timely as a suspensive appeal from the money judgment, was not timely as a suspensive appeal from the judgment of eviction. C.C.P. art. 4735. Thus, lessors could have obtained dismissal of the suspensive appeal as to that portion of the judgment ordering eviction and could have obtained possession of the premises. Accordingly, lessors did not sustain damages as a result of the suspensive appeal.
Since the money judgment portion of the July 2, 1976 judgment has now been satisfied, and since there was no timely suspensive appeal from the remainder of the judgment relating to eviction, there is no basis for lessors’ contention that the suspensive appeal bond should not be can-celled and the sureties released.

AFFIRMED.

. These monthly payments resulted from an agreement at the rule for eviction, which was referred to the merits contingent upon the agreed payments.

. The calculations are as follows:
Original judgment $32,355.89
Correction on appeal - 9,930.72
$22,425.17
Legal interest through date of payment 4,993.25
Attorney’s fees 4,853.38
Costs paid by defendants 25.00
Liquidated damages (corrected by lessees) 15,750.00
Legal interest through date of payment 3,687.08
Total $51,733.88
The trial court calculated an additional $1,302.05 in legal interest.