ST. PAUL, J.
 

 On July 2, 1923, the Whitney Central Trust & Savings Bank leased a certain part of Ashton plantation for a period of three years ending August 31, 1926, unto “Jones T. Prowell, a person of the full age of majority, a resident of, and domiciled in, the city of New Orleans”; which lease was accepted on the part of the lessee by “J. T. Prowell.”
 

 By mesne conveyances and assignments this plaintiff became the owner of Ashton plantation and lessor under the above-said lease.
 

 I.
 

 Some time after the expiration of said lease, plaintiff notified one James T. Prowell, a person of the full age of majority, and a resident of, and domiciled in, the city of New Orleans, to vacate said premises; and then brought this action against him to obtain •possession thereof.
 

 IX.
 

 The Jones T. Prowell who was cited herein first excepted to the petition as follows:
 

 “That he
 
 no longer individually occupies
 
 the property described in said petition, and avers that at the expiration of said lease in question the- said Jones T. Prowell
 
 did remove from said premises.
 
 And, excepting further, said Jones T. Prowell states that there is a partnership composed of Jones T. Prowell, Prank Roux, and Joe Mischler, domiciled at Luling, La., parish of St. Charles, and since the expiration of the lease in question
 
 a new lease
 
 has been made between the partnership of Prowell, Roux and Mischler, and the representatives of the Ashton Realty Company, Incorporated, regarding the leasing of this property. Wherefore exceptor prays that this exception to the jurisdiction of this court be maintained, and the plaintiff’s suit be dismissed.” (Italics ours.)
 

 Thereafter he filed a supplemental exception herein, reading as follows:
 

 “Jones T. Prowell, exceptor, states that the occupant of the leased premises described in plaintiff’s petition was a partnership composed of Jones T. Prowell and Prank J. Roux, doing business under the trade-name of ‘Jones T. Prowell.’ That the said business was not an individual business of exceptor; and the partnership, and not exceptor, individually, was the occupant and tenant of the leased premises. That the partnership [was) at all times in the past, and is now, domiciled in the town of Luling, St. Charles parish, La. That this court has no jurisdiction to try the present suit, as the partnership- of Jones T. Prowell and Prank J. Roux is' the proper defendant, and the suit should be brought at the domicile of the partnership, Luling, St. Charles parish.”
 

 With the lease before him, showing very clearly who was the tenant thereunder, and the first exception herein filed showing very clearly who had first gone into possession under that lease, the trial judge very properly concluded that he had the proper defendant before him, and that his court had jurisdiction over the controversy, for there was not a scintilla of evidence introduced at any time or in any form to show that “a new lease” had been entered into between plaintiff and any partnership whatsoever.
 

 As to the claim that this defendant “did remove from said premises” at the expiration of his lease, both the
 
 exceptions
 
 themselves and the evidence taken thereon show very conclusively that, although defendant may have removed from the premises most of his
 
 individual
 
 property, nevertheless
 
 Tie did not surrender possession to the lessor,
 
 for he left the “partnership” in full possession and control of the premises, to the complete exclusion of plaintiff.
 

 The exceptions were therefore properly overruled.
 

 
 *331
 
 III.
 

 In. the alternative, defendant claims that the lease was renewed for one year because plaintiff allowed him to remain in possession for more than one month after the expiration of his lease.
 

 Article 2688, R. C. C. reads as follows:
 

 “If, after the lease of a predial estate has expired, the farmer should still continue to possess the same during one month without any step having been taken, either by the lessor or by the new lessee, to cause him to deliver up the possession of the estate, the former lease shall continue subject to the same clauses and conditions which it contained; but it shall continue only for the year next following the expiration of the lease.”
 

 The meaning of that article is simply this: That, if both parties- to the lease remain silent and inactive for the space of one month after the expiration of the lease, they shall both be presumed to have acquiesced in, and tacitly consented to, a renewal of the lease for another year. It has no application whatever when either party has clearly announced his intention
 
 not to renew
 
 the lease on the same terms or for a full year, for the purpose of the law is not to
 
 force
 
 a contract upon parties unwilling to contract, but merely to establish a rule of evidence, or presumption, as to their intention in the premises.
 

 In the case at bar it is admitted that the defendant refused to renew the lease for another year, and that he was permitted to hold over (at the same rent?) under an agreement to vacate upon written notice given at any time, the only difference between the parties being (now) whether said notice should be 60 days or only 10 days; and the preponderance of the evidence is that the notice to be given should be one of 10 days, which was given before this suit was brought. The judgment below was for plaintiff.
 

 Decree.
 

 The judgment appealed from is therefore affirmed.
 

 O’NIELD, C. J., takes no part, not having heard the argument.