FRUGÉ, Judge.
This suit was brought by plaintiff Alfred Jacobi on a promissory note issued by defendant John Sheldon Toomer. Defendant reconvened claiming plaintiff owed him money as a result of a lease agreement to which plaintiff was a party. The district court rendered judgment for plaintiff on the note, but dismissed defendant’s reconven-tional demand.
Defendant has not appealed the judgment on the note. He only appeals from the rejection of his reconventional demand. The facts concerned with the reconventional demand are as follows: Mrs. Nita Toomer, former wife of plaintiff in reconvention, leased certain premises at 2612 Octavia Street in New Orleans from Mrs. Lucille W. Schaad. The lease was granted for a period of twelve months, beginning on September 1, 1961, and ending on August 31, 1962. The plaintiff became a party to the lease by executing the following:
“And now comes A. F. Jacobi WHO IS MADE A PARTY to this contract of lease and is bound with Lessee IN-SOLIDO for the faithful execution of all the obligations to be performed on the part of the Lessee, and furthermore waives all rights to a release from this obligation due to Lessor’s failure to protest for non-payment of rent or due to granting of any extensions or indul-gencies to Lessee or any modifications of this lease, or due to the filing of a bankruptcy, receivership or respite petition by or against Lessee or discharge in bankruptcy of Lessee, or upon Lessee’s suspension, failure or insolvency, or to the appointment of a receiver for Lessee by any competent court.”
On July 9, 1962, plaintiff in reconvention acquired title to the leased property and was assigned all rights, title and interest in and to the lease. After the lease terminated on August 31, 1962, Mrs. Toomer remained on the premises. Plaintiff in reconvention argues that her remaining on the premises amounted to a reconduction o f the lease and therefore defendant in reconvention, Alfred Jacobi, being bound in solido with Mrs. Toomer under the lease, is indebted to plaintiff in reconvention for rent owed by Mrs. Toomer for the time she remained on the premises after the termination of the lease.
The trial judge found that there was no reconduction and that the obligation of the defendant in reconvention ended when the lease ended on August 31, 1962. Our reading of the record convinces us that the trial judge was not erroneous in his conclusion.
In the case before us the lease contained the following:
“Should Lessor allow or permit Lessee to remain in the leased premises after the expiration or termination of this lease, this shall not be construed as a reconduction of this lease.”
It is a well settled rule of law that the lease of an urban estate continues beyond its expressed term by reconduction where the tenant continues in possession after the expiration of the primary term of the lease. Nagem v. Foret’s Drug Store, La.App. (3rd Cir.), 162 So.2d 354. But it is also well settled that “[agreements legally entered into have the effect of laws on those who have formed them.” LSA-Civil Code Art. 1901. Under these rules we can see no objection to parties freely agreeing that the lease shall not continue by recon-duction if the lessee remains on the premises after the primary term of the lease. Such an agreement was made by the parties in the case before us. Thus, after August 31, 1962, the original lease terminated. Therefore, defendant in reconvention (who was not the lessee but the surety under the original lease agreement) cannot be held for any rent due after that date. Defendant in reconvention in no way undertook any obligation for rent beyond the primary term of the lease.
Plaintiff in reconvention argues that Jacobi waived the no reconduction provision of the lease by the continued occupancy of *612 Mrs. Tobmer and his continued silence and inaction in the face of these circumstances. The trial judge found that nothing in the case showed that defendant in reconvention intended to waive any benefit accruing to him under the provisions of the lease against reconduction. We can find no error in the trial judge’s conclusion.
We do not conclude herein that plaintiff in reconvention has waived any rights he may have against the lessee, Mrs. Toomer. That is a matter that is not before the Court for determination.
For the foregoing reasons the judgment of the district court is affirmed. Appellant is assessed costs of this appeal.
Affirmed.