285 So.2d 548 (1973)
Mr. and Mrs. Ted KOGOS
v.
Paul B. LEMANN.
No. 5814.
Court of Appeal of Louisiana, Fourth Circuit.
November 2, 1973.
Rehearing Denied November 30, 1973.
Writ Refused February 1, 1974.
Tucker & Schonekas, Gibson Tucker, Jr., New Orleans, for plaintiffs-appellants.
Polack, Rosenberg & Rittenberg, Robert G. Polack, Franklin V. Endom, Jr., New Orleans, for defendant-appellee.
Before GULOTTA and BOUTALL, JJ., and WICKER, J. Pro Tem.
GULOTTA, Judge.
This is a suit for specific performance of a provision of a lease which gives plaintiff the option to purchase the leased premises during the term of the lease. From a judgment maintaining an exception of no cause of action, plaintiff appeals.
Plaintiff leased from defendant the lower apartment of a duplex located in the City of New Orleans. The lease agreement provides for a stipulated term of one *549 year commencing on August 1, 1970, and expiring on July 31, 1971.[1] Plaintiffs remained on the leased premises after the expiration date and were not notified to vacate until August 7, 1972. The lease further provided that plaintiff would have the option to purchase (right of first refusal) the entire premises during the term of the lease or any renewal thereof. Plaintiff sought to exercise his option to purchase on August 4, 1972, and defendant-lessor refused to comply with plaintiff's offer.
Plaintiff contends that the lease was reconducted, that, as a result of the reconduction, all of the terms of the lease, including the option to purchase, were extended and carried forward on a month to month basis, and that, therefore, the plaintiff still had the right to exercise his option to purchase on August 4.
We find that plaintiff's first contention (that the lease was reconducted) is without merit. It is, therefore, unnecessary for us to decide whether the option would have been carried forward along with the other provisions of the lease had the lease been reconducted.
The following provision is found in the lease agreement:
"Should lessor allow or permit lessee to remain in the leased premises after the expiration or termination of this lease, this shall not be construed as a reconduction."
The question presented is whether parties to a lease are at liberty to expressly stipulate that the statutory presumption of reconduction contained in LSA-R.C.C. 2689[2] will not be operative as between them.
Although the code states that a presumption exists that a lease is reconducted on a month to month basis if the lessee remains in possession beyond the term of the lease, the jurisprudence has unequivocally held that the presumption of reconduction is inoperative in the face of the clear intention of the parties to the contrary. Ashton Realty Co. v. Prowell, 165 La. 328, 115 So. 579 (1928); Jacobi v. Toomer, 164 So.2d 610 (La.App. 3rd Cir. 1964); Prisock v. Boyd, 199 So.2d 372 (La.App. 2nd Cir. 1967). As long as agreements are not expressly prohibited by law, they have the effect of law as between the parties.[3]
Plaintiff calls to our attention the case of Governor Claiborne Apartments, Inc. v. Attaldo, 256 La. 218, 235 So.2d 574, in which the Supreme Court held that a lease was reconducted despite a provision in the lease stipulating to the contrary. However, that case is inapposite to the instant one. The contract provision in the Governor Claiborne case reads as follows:
"Should Lessor permit Lessee to remain in the leased premises after the expiration of this lease, it shall not be construed as a reconduction of this lease, but Lessee shall occupy the lease premises as a tenant by the month."
*550 The court made it clear (in a footnote) that although the parties attempted to contract against a reconduction, by providing that the lease continue by the month, they, in fact, contracted for a reconduction. It is implicit in the opinion that if the last clause of the lease (that lessee shall occupy the lease premises as a tenant by the month) had been omitted, the provision against reconduction would have been effective. The Governor Claiborne case is not, therefore, inconsistent with the prior jurisprudence cited above.
The lease was not reconducted but expired by its terms on July 31, 1971. Since the offer to purchase was made after the expiration of the lease, the defendant was not bound to accept. It logically follows that plaintiff has no cause of action to specifically enforce the option to purchase. The judgment maintaining the exception of no cause of action is affirmed.
Affirmed.
NOTES
[1] This was the second of two leases on that same property under the same terms and conditions. The term of the first lease was from August 1, 1968 to July 31, 1970.
[2] LSA-R.C.C. art. 2689 reads as follows:

"If the tenant either of a house or of a room should continue in possession for a week after his lease has expired, without any opposition being made thereto by the lessor, the lease shall be presumed to have been continued, and he can not be compelled to deliver up the house or room without having received the legal nonotice or warning directed by article 2686."
[3] LSA-C.C. art. 11 reads as follows:

"Individuals can not by their conventions, derogate from the force of laws made for the preservation of public order or good morals. "But in all cases in which it is not expressly or impliedly prohibited, they can renounce what the law has established in their favor, when the renunciation does not affect the rights of others, and is not contrary to the public good."
LSA-C.C. art. 1901 reads as follows:
"Agreements legally entered into have the effect of laws on those who have formed them.
"They can not be revoked, unless by mutual consent of the parties, or for causes acknowledged by law.
"They must be performed with good faith."