316 So.2d 841 (1975)
Carl Dean SCANLAN, Plaintiff and Appellee,
v.
William HARISTY, Defendant and Appellant.
No. 5069.
Court of Appeal of Louisiana, Third Circuit.
July 30, 1975.
*842 Devillier, Ardoin & Morrow, by J. Michael Morrow, Eunice, for defendant-appellant.
Edwards, Stefanski & Barousse, by Nolan J. Edwards, Crowley, for plaintiff-appellee.
Before HOOD, CULPEPPER, and WATSON, JJ.
CULPEPPER, Judge.
Carl Dean Scanlan filed this suit against William Haristy praying that he be allowed to farm a 134-acre tract of land in Acadia Parish for the 1972 crop year on the theory that an oral lease between him and the defendant's ancestor in title had been renewed by tacit reconduction. Alternatively, in the event the plaintiff has no right to farm the property, he prays for reimbursement in the amount of $4,020 for work performed in preparing the land for the 1972 rice crop.
Defendant filed a general denial and reconvened for damages in the amount of $25,000, alleging that plaintiff prevented him from preparing the land for the 1972 crop. Both plaintiff and defendant filed motions for summary judgment. The trial court granted plaintiff a summary judgment. He ordered defendant to either permit plaintiff to farm the property or pay plaintiff's expenses in preparing the field for planting. Defendant appealed.
Defendant contends that the trial court erred in granting summary judgment in favor of plaintiff and in denying defendant's motion for summary judgment.
The substantial issue on appeal is whether the pleadings and affidavits establish there is no genuine issue of material fact and that plaintiff is entitled to summary judgment as a matter of law.
Plaintiff farmed the property for several years under an oral lease with defendant's ancestor in title, Henry Goss, now deceased. On November 12, 1971, defendant purchased the tract in question from the Goss Estate. In his answer, defendant admitted that plaintiff did some discing on a portion of the property, but does not say when the discing was done. Otherwise, he denies the allegations contained in the petition.
Plaintiff attached his affidavit to the motion for summary judgment, wherein he stated under oath:
"My name is Carl Dean Scanlan. I have been farming the farm involved in this litigation for many years. I had knowledge of the death of the parties who *843 owned the farm, but was not notified that I was not to enter into farming operations for the 1972 crop year until after I prepared the land for planting for the 1972 crop year and had done other work on said premises."
Defendant filed no opposing affidavit.
Plaintiff argues primarily that there was a tacit reconduction of the lease because defendant failed to notify him in writing to surrender possession before the lease terminated. He cites as authority LSA-C. C. Articles 2686, 2687 and 2688 which read as follows:
"Art. 2686. The parties must abide by the agreement as fixed at the time of the lease. If no time for its duration has been agreed on, the party desiring to put an end to it must give notice in writing to the other, at least ten days before the expiration of the month, which has begun to run. (As amended by Acts 1924, No. 9)"
"Art. 2687. The lease of a predial estate, when the time has not been specified, is presumed to be for one year, as that time is necessary in this State to enable the farmer to make his crop, and to gather in all the produce of the estate which he has rented."
"Art. 2688. If, after the lease of a predial estate has expired, the farmer should still continue to possess the same during one month without any step having been taken, either by the lessor or by a new lessee, to cause him to deliver up the possession of the estate, the former lease shall continue subject to the same clauses and conditions which it contained; but it shall continue only for the year next following the expiration of the lease."
Article 2686 clearly does not apply to leases of predial property. It relates only to leases of urban estates as provided in Articles 2684 and 2685. The term and tacit reconduction of predial leases are governed by Articles 2687 and 2688.
Article 2687 establishes the rule that a predial lease with no term specified is presumed to be for one year. (Emphasis supplied.) The article does not state when the one-year period begins or ends.
In Cramer v. Habetz, 189 So.2d 278 (La.App. 3rd Cir. 1966), we were faced with the question of whether the unspecified term of an oral lease agreement of predial property ran for a calendar year or from the time of fall plowing to the fall harvesting of a year's rice crop. The lessor contended the lease was on a calendar year basis and that plaintiff was notified of the termination of the lease before the end of the calendar year. The lessee urged that the lease terminated when the rice crop was cut and harvested. He argued that the lease was renewed for the following year by tacit reconduction, as provided by Article 2688, because the lessor failed to take any steps to cause him to deliver up the possession of the estate within one month after the end of the fall harvest. On the basis of testimony by farmers in the area that agricultural leases were customarily for the calendar year, the court concluded the lease terminated on December 31. The district judge held that no tacit reconduction occurred because the lessor demanded within one month after the termination of the lease that the lessee deliver possession. We affirmed.
The essential point in the Cramer case germane to the issue herein is that testimony was required to establish the date of the termination of the lease. It was not presumed to be a calendar year. In the present case, the documents considered on the motion for summary judgment do not establish when the lease in question terminated by agreement, by intent of the parties or by custom. Without such a showing, it is impossible to determine when the one-month period provided in Article 2688 began or ended.
*844 Article 2688 was explained by our Supreme Court in Ashton Realty Company v. Prowell, 165 La. 328, 115 So. 579 (La. 1928):
"The meaning of that article is simply this: That, if both parties to the lease remain silent and inactive for the space of one month after the expiration of the lease, they shall both be presumed to have acquiesced in, and tacitly consented to, a renewal of the lease for another year. It has no application whatever when either party has clearly announced his intention not to renew the lease on the same terms or for a full year, for the purpose of the law is not to force a contract upon parties unwilling to contract, but merely to establish a rule of evidence, or presumption, as to their intention in the premises."
An indispensable prerequisite to the reconduction of a lease of predial property is that the lessee must remain in undisputed possession of the premises for one month immediately following the expiration of the term of the lease, Prisock v. Boyd, 199 So.2d 373 (La.App. 2d Cir. 1967); Dyer v. Wilson, 190 So. 851 (La. App. 2d Cir. 1939). There is nothing in the record establishing the dates when Scanlan started or stopped preparing the land for the 1972 rice crop. The record does not show his undisturbed possession of the property for one month, regardless of when the lease ended.
Summary judgment may be rendered only where the pleadings, affidavits and other documents on file demonstrate the lack of a genuine issue of material fact, and that mover is entitled to judgment as a matter of law, Ferina v. Howard, 285 So.2d 805 (La.App. 3rd Cir. 1973). Summary judgments authorized by LSA-C.C.P. Article 966 are granted sparingly. The purpose of this procedural device is to expeditiously dispose of cases involving only issues of law. Therefore, the mover for summary judgment must prove there is no genuine issue of material fact. Summary judgment procedure should not be substituted for a trial on the merits, Magio v. Patio Motel, Inc., 301 So.2d 381 (La. App. 4th Cir. 1974).
There are at least two genuine issues of material fact which must be resolved by a trial on the merits: (1) When did the oral lease in question terminate ? (2) Did the lessee have undisturbed possession of the predial estate for one month immediately following the expiration of the term of the lease?
Nor does the record contain sufficient proof to support plaintiff's alternative demand for reimbursement of his costs in preparing the land. Plaintiff merely alleges that he is entitled to reimbursement for these expenses. Neither the pleadings nor the plaintiff's affidavit set forth facts which would be admissible in evidence to prove his claim for expenses in preparing the land. See LSA-C.C.P. Article 967.
The trial judge did not rule upon defendant's motion for summary judgment, nor did he decide the legal issue concerning the effect, for purposes of reconduction, of an unrecorded oral lease granted by the prior owner of the property. We will follow the usual appellate court practice not to render judgment upon issues which have not been passed upon by the district court, Placid Oil Company v. Taylor, 306 So.2d 664 (La.1975)
For the reasons assigned, the summary judgment appealed is reversed and set aside, and this case is remanded for further proceedings in accordance with law and the views herein expressed. The plaintiff appellee is to pay all costs of this appeal. Other costs are to await final determination of these proceedings.
Reversed and remanded.