337 So.2d 909 (1976)
George EAMES, Plaintiff-Appellant,
v.
Ray GOODWIN and Ronnie Goodwin, Defendants-Appellees.
No. 5603.
Court of Appeal of Louisiana, Third Circuit.
September 29, 1976.
George Eames, in pro. per.
*910 John Sturgeon, Ferriday, for plaintiff-appellant.
Smith, Taliaferro, Seibert & Boothe by J. W. Seibert, III, Jonesville, for defendant-appellee.
Before HOOD, MILLER and WATSON, JJ.
MILLER, Judge.
Plaintiff landowner George Eames appeals the judgment dismissing his rule to evict defendants tenants Ray Goodwin and Ronnie Goodwin from his 750 acre soybean farm. The trial court held Goodwins' verbal predial lease was on a calendar year basis and was tacitly reconducted when landowner failed to take some action to evict tenants during the month of January, 1976. We reverse.
In July of 1973, landowner and Ray Goodwin (on behalf of tenants) signed a written lease covering the period July 3, 1973 through December 31, 1973; tenants were to farm soybeans on landowner's property and pay landowner the value of 25% of the crop or $8,000, which ever was greater. The written contract granted tenants an option to enter into a five year lease commencing in January of 1974, but this option was not exercised.
The crops for calendar years 1974 and 1975 were farmed by the Goodwins under a tacit reconduction of the 1973 lease. In the spring of 1975 landowner put tenants on notice that he intended to farm his own land in 1976. This factual finding by the trial court is supported by the evidence. It is confirmed by the following facts: 1) tenants saw landowner ditching a 200 acre portion of the 750 acre tract during the spring of 1975; 2) in December 1975 Ronnie Goodwin asked landowner if he could have a hunting lease on the 750 acre tract; 3) in March 1976 Ronnie Goodwin asked landowner if he could store his equipment on landowner's premises and landowner agreed; and 4) tenants sought the advice of an attorney in the spring of 1975 and tenants concluded that if they would record the 1973 lease in the public records, they would be entitled to farm the property for the five year period ending in 1978 even though they had not exercised their option. Tenants' testimony uniformly indicates they interpreted the written contract, which they recorded in August 1975, to grant them exclusive rights to farm the 750 acre tract through the 1978 crop year. Nevertheless, their counsel concedes that the option to lease the tract through 1978 was not exercised.
After the notice given in the spring of 1975, landowner did not give further notice that the predial lease would terminate at the end of the 1975 crop year until March 1976, and the eviction proceedings were filed on March 30, 1976.
Notwithstanding the notice received by tenants in the spring of 1975 that landowner would farm his own tract during the 1976 crop year, the trial court refused to evict tenants because no action was taken during the first month of 1976 to cause defendants tenants to deliver up possession of the estate. The trial court acknowledged that for predial leases, written notice is not required by LSA-C.C. art. 2688, but held that landowner must take action to evict his tenant(s) during the month following expiration of the lease. We do not find C.C. art. 2688 to require this interpretation.
With emphasis by us, C.C. art. 2688 is quoted.
If, after the lease of a predial estate has expired, the farmer should still continue to possess the same during one month without any step having been taken, either by the lessor or by a new lessee, to cause him to deliver up the possession of the estate, the former lease shall continue subject to the same clauses and conditions which it contained; but it shall continue only for the year next following the expiration of the lease.
The emphasized words "having been taken" indicates the past tense. Tacit reconduction is to apply only when no action has been taken before the lease expires. This interpretation is supported by the verb tenses used in the following article, C.C. art. 2689:" if the tenant either of a house *911 or a room should continue in possession for a week after his lease has expired, without any opposition BEING made thereto by the lessor, the lease shall be presumed to have been continued . . ." (All emphasis supplied.)
The same basic phrase is used in both articles 2688 and 2689, however, one is in the present tense and one in the past. To support the trial court's holding, the italicized section of art. 2688 should read "without any step BEING taken." We recognize the article is subject to the other interpretation, but the other interpretation fails to grasp the fact that tacit reconduction applies when the parties have not expressed a contrary intent; it applies when the parties have been silent on the issue of cancellation of the predial lease and have implied that the lease is to be renewed. Tacit reconduction has no application when either party has announced his intention not to renew the lease on the same terms or for a full year. Tacit reconduction does not apply when one party has announced his intention to terminate the lease. It is not to be used to force a contract upon parties unwilling to contract, but merely to establish a rule of evidence, or a presumption, as to their intention when a contrary intent has not been expressed. Ashton Realty Company v. Prowell, 165 La. 328,115 So. 579 (1928). While Ashton Realty Company can be distinguished from this case on the facts, the validity of the foregoing statement has not been questioned; it has been cited with approval. Scanlan v. Haristy, 316 So.2d 841 (La.App. 3 Cir. 1975); Prisock v. Boyd, 199 So.2d 373 (La.App. 2 Cir. 1967). Although these cases can also be distinguished on the basis that eviction proceedings were instituted during the month following termination of the lease, we don't find that distinction to be decisive of the issue before us.
In summary, in the spring of 1975 landowner terminated the predial lease by verbally notifying tenants that he would farm the tract in 1976. The lease which had been tacitly reconducted for 1974 and 1975 was not subject to reconduction for the year 1976 because, in the spring of 1975, the contract was terminated effective December 31, 1975. Having terminated the predial lease in this manner, landowner was not required to give additional notice or to file eviction proceedings within "one month" immediately following expiration of the predial lease.
The trial court judgment is set aside and reversed. It is ordered, adjudged and decreed that there be judgment in favor of plaintiff George Eames and against defendants Ray Goodwin and Ronnie Goodwin ordering defendants to be evicted from plaintiff's 750 acre tract. All costs, both at trial and on appeal, are taxed to defendants.
REVERSED and RENDERED.