CUTRER, Judge.
This is an appeal from an eviction proceeding. Mrs. Anne B. Lasseigne brought the action to evict her son, Clet L. Lass-eigne, from 160 arpents of land, 140 arpents of which he used for the cultivation of sugar cane. At the beginning of the trial, it was agreed that the demand for eviction *436 would only extend to a 20 arpent tract which was separated from the remaining 140 arpents by a highway. This 20 arpents is not used to grow sugar cane. Clet Lass-eigne raised cattle on the property, used some sheds thereon for the storage of hay, and for the parking of farming equipment in the area around these structures. The plaintiff readily concedes that Clet had the right to the use and access to the sheds. The right of use and access to the sheds was given to Clet by judgment of possession dated June 1, 1972. This judgment of possession emanated from the will of Clet’s father who died in 1972. The sheds were located on the 20 arpents of land in question.
The trial judge granted judgment in favor of Mrs. Lasseigne, evicting Clet Lass-eigne from the 20 arpent tract, but recognizing his right of use and access to the sheds located on the property, pursuant to the judgment of possession. We affirm.
The issues for determination are as follows:
(1) Whether the lease on this 20 ar-pents of land terminated on December 31, 1979, or whether it terminated on December 31, 1980;
(2) Whether the trial court was authorized, under the procedure used, to interpret the defendant’s right of use and access to a portion of the 20 arpents under the provisions of the judgment of possession; and
(3) If the trial court did have authority to consider the judgment of possession, whether such was properly interpreted.
As to the first issue, there is no dispute that the defendant was the lessee of the 20 arpents in question but the question presented is the term of the lease, whether it terminated December 31, 1979 or December 31, 1980. Defendant testified that he began farming the 160 arpents with his father in 1948 and continued to do so up until his father retired from farming in 1950. After 1950, defendant leased the 160 arpents from his father and continued farming same until his father’s death. During all this time, the 140 arpents was used for production of sugar cane and the 20 arpents in question was used for raising cattle, storing hay and storing equipment. Defendant was paying $2,000.00 per year to his father for this lease. After the father’s death, he continued the same use of the property and payed his mother, plaintiff, the annual $2,000.00 rent.
Defendant further testified that he leased the property from his father on the basis of three year cane producing cycles. He explained that sugar cane can be harvested either from an initial planting (called plant cane) or from first and second year growth from stubble cane. He stated that a portion of the 140 arpents (across the highway from the 20 arpents in question) was in first year stubble cane and had one more year to run before it would be subject to a final harvest. He considered the lease on the 140 arpents to be effective until December 31, 1980.
Defendant further stated, however, that the 20 arpents in question had never been planted in sugar cane but was used to raise cattle and to store hay and equipment. Defendant stated that his three year cycle lease with his father extended not only to the 140 arpents used to raise the cane but also extended to the 20 arpents in question. After the death of the father, he contends this same arrangement continued on a three year cycle since his mother accepted the annual $2,000.00 rental payments.
We disagree with defendant’s position. The defendant testified that he never discussed the lease of the property with his mother. He merely made annual payments and continued his possession. Under these circumstances, the lease under which the defendant held the 20 arpents of property in question, after the father’s death, could have only been the product of reconduction under the provisions of LSA-C.C. articles 2687 and 2688. These articles provide as follows:
LSA-C.C. Article 2687 provides:
"The lease of a predial estate, when the time has not been specified, is presumed to be for one year, as that time is neces *437 sary in this State to enable the farmer to make his crop, and to gather in all the produce of the estate which he has rented.”
LSA-C.C. Article 2688 provides:

“If, after the lease of a predial estate has expired, the farmer should still continue to possess the same during one month without any step having been taken, either by the lessor or by a new lessee, to cause him to deliver up the possession of the estate, the former lease shall continue subject to the same clauses and conditions which it contained; but it shall continue only for the year next following the expiration of the lease.”

Article 2687 establishes the rule that a predial lease, with no term specified, is presumed to be for a term of one year. Article 2688 means that if both parties to the lease remain silent and inactive for a space of one month after the expiration of the lease, they shall both be presumed to have acquiesced in, and tacitly consented to, a renewal of the lease for another year. There is no dispute that the lease herein runs on a calendar year basis. Applying the above provisions to the facts herein, the lease of this 20 arpents was reconducted on a year to year basis. When defendant possessed the property for one month after December 31, 1978, without any action by plaintiff, the lease was reconducted for the ensuing year, 1979. Proper notice was given by the lessor, in June 1979, that the lease would terminate effective December 31, 1979. This effected a termination of the reconducted lease of this 20 arpents on that date.[1] Scanlan v. Haristy, 316 So.2d 841 (La.App. 3rd Cir. 1975).
The defendant next contends that since this was an eviction proceeding and summary in nature, that the trial court had no authority to interpret the provisions of the judgment of possession which purported to give plaintiff the use and access to certain sheds located on the property. This contention is without merit.
This proceeding was initiated as an eviction action which is a summary proceeding requiring no answer by defendant. The defendant, however, did answer the petition for eviction, pleading his rights under the judgment of possession and further contending that such rights entitled him to use, and access to, not only the sheds, but the right to use the entire property for raising cattle and storage purposes. When defendant filed these defenses by answer, with no objection by plaintiff, the trial court was authorized to consider the defenses. The filing of same had the effect of expanding the pleadings, bringing same into the purview of ordinary proceedings for a consideration of defendant’s defenses.
The trial court considered the judgment of possession and its reasons for judgment, stated in part, as follows:
“. . . The Judgment of Possession in which all of the heirs apparently joined in, reads on page 3, thereof: ‘It is further ordered, adjudged and decreed that Louis Clet Lasseigne be granted the use and access to the sheds located on the immovable property described in the preceding paragraph of this judgment and shown as Item No. 1 in the sworn, detailed descriptive list.’

“. . . It is also set forth clearly in the judgment of possession that Louis Clet Lasseigne is to be granted the use and access to the sheds located on this property. There is no mention anywhere of the land adjacent to the sheds or his right to use any land other than that incidental to the access and to the use of the shed.”

The trial court rejected plaintiff’s argument that the right of use should not be limited to the sheds, but should be extended to the entire 20 arpents, or in the alternative, to an area around each shed. We agree with the trial court. The provision in question is clear and unambiguous. It limits defendant’s rights to access and *438 use of the sheds. No mention is made of any adjoining property to be used by defendant. Defendant had no ownership interest in the property. Other than the right to use the sheds and access thereto, he possessed the remainder of the 20 arpents as a lessee under a reconducted lease subject to termination by plaintiff on December 31, 1979.
For these reasons, the judgment of the trial court is affirmed. All costs of this appeal are assessed to defendant-appellant.
AFFIRMED.

. By coming to this conclusion, we want to point out that we are not passing upon the terms of the lease of the 140 arpents across the highway from the subject property. That issue was severed from this proceeding by agreement at the beginning of trial.