DUFRESNE, Judge.
A lessor, Rosedale Rentals, Inc., plaintiff-appellant, brings this appeal from a judgment awarding it $25,968.14 in accrued rent for the mezzanine floor of a shopping center store occupied between July 2,1976, and January 15, 1979, by lessees, Gary Amacker and Barstools Unlimited, Inc., defendants-appellees.
The basic issue here is whether a written lease between the parties was reconducted where the lessor sought and obtained a judgment terminating the lease and ordering eviction of the lessee, but then failed to enforce the judgment, and permitted the lessee to remain on the premises for two and one-half more years. Because we determine that a lease terminated by judgment of a court ends all obligations between the parties under that lease, we hold that the lease at issue here was not recon-ducted by continued occupancy of the premises by lessees, and that none of its terms are applicable to this suit. We therefore affirm the judgment of the district court, with the minor amendment appearing below.
Because this dispute has been before the appellate courts on two prior occasions, Amacker v. Wedding, 363 So.2d 223 (La. App. 4th Cir.1979); Amacker v. Wedding, 385 So.2d 17, 19 (La.App. 4th Cir.1980), we need only give a brief summary of the facts underlying the present case.
In 1973 the parties entered into a written lease for the ground floor of a store. The lease was later amended to include a mezzanine, and the rent was increased by 2% of the cost of completing construction on this upper floor. However, a dispute arose as to the cost of this construction and the consequent rent for this additional space. Two lawsuits ensued. In the first, lessees sought declaratory judgment as to their obligations under the lease; in the second, lessor sought back rent on the mezzanine, liquidated damages and attorney fees under the contract, termination of the lease, and eviction of the lessees. While these suits were pending, lessees began paying $525 per month into the court registry as the rental price which they felt was due for the mezzanine.
Judgment was rendered in lessor’s favor in these consolidated cases fixing the mezzanine rental at $827.56 per month for the time occupied, terminating the lease, ordering lessees evicted and granting attorney fees, but denying liquidated damages.
Lessees appealed suspensively from the judgment fixing the mezzanine rent. While the appeal was pending, they also continued paying into the court registry $525 per month as rental for this space, as well as paying rent to the lessor for the ground floor. Lessor appealed devolutively from the judgment denying liquidated damages. Neither party appealed timely from that portion of the judgment terminating the lease and ordering the lessees evicted.
*622 On October 28, 1978, the appellate court rendered judgment affirming the $827.56 monthly rental and attorney fees, and awarding lessor an additional $15,000 as liquidated damages. Writs were refused by the Louisiana Supreme Court on December 8,1978. On January 15,1979, lessees vacated the premises.
Lessor was thereupon paid some $58,000 in satisfaction of the judgment, the judgment was marked satisfied, and the appeal bond was cancelled. This sum did not include, however, any rent for the continued occupancy of the mezzanine between July 2, 1976 and January 15,1979, because the $525 per month paid into court for mezzanine rental was apparently withdrawn by lessor, in satisfaction of the additional $15,000 in liquidated damages awarded on appeal.
Lessor again appealed, urging that the appeal bond should not have been cancelled until rent for the mezzanine was paid through January 15, 1979. The appellate court found that as no timely appeal had been taken from the eviction order, lessor could have obtained possession of the premises at any time after July 2, 1976. The court held that lessor’s failure to do so, with consequent rental claims for the continued occupancy, did not result from the taking of the appeal, and therefore that the appeal bond was not applicable to such claims. The decision of the trial court to cancel the appeal bond and mark the judgment satisfied was thus affirmed.
Lessor then instituted the present suit to collect the mezzanine rent for the period between July 2,1976, and January 15,1979, and further sought- escalation of the rent, liquidated damages and attorney fees under the original lease. Judgment was rendered in its favor in the amount of $827.56 per month for 31 months, 13 days, less any rent paid by lessees during that period. Escalated rent, liquidated damages and attorney fees were denied. It is from this judgment that lessor now appeals.
Lessor’s basic contention is that the original written lease was reconducted by lessees’ continued occupancy of the premises after July 2, 1976. It argues further that because the written lease contained an escalation clause based on the Consumer Price Index, that the $827.56 figure should have been adjusted upward for the period in question here. It finally contends that liquidated damages and attorney fees should have been awarded under the terms of the written lease.
Lessor relies on Governor Claiborne Apartments, Inc. v. Attaldo, 235 So.2d 574 (La.1970), for the proposition that the unopposed and continued occupancy of the premises by lessees after termination of the written lease resulted in a reconduction of the entire lease on a month to month basis.
We do not find that case applicable here. The rule enunciated in Claiborne, supra, is that when the term of a fixed-term lease expires and the lessee continues to occupy the premises without opposition for more than a week, the lease is reconducted. Here, not only did the term of the lease not expire, but lessor opposed continuation of the lease. Indeed, it sought and obtained a judgment terminating the lease and ordering lessees evicted. On rendition of that judgment, as amended on appeal, the contractual relationship between the parties under the lease was completely terminated, and all rights and obligations between them prior to July 2,1976, were fixed. Thereafter, whatever dealings the parties had with one another were wholly independent of the original lease agreement. The trial court was thus correct in denying lessor any escalation in the rent, liquidated damages, and attorney fees under the written lease agreement.
Resolution of the remaining issues in this appeal depends, therefore, on a determination of the nature and content of the parties’ association after July 2, 1976. It is stipulated that lessees occupied the premises during the period at issue, that they paid monthly rent for the ground floor in an amount accepted and uncontested by lessor until this suit was filed, and that they paid into the registry of court $525 per month for the mezzanine, which amount was disputed by lessor. It is further established that lessor tacitly consented to lessees re *623 maining on the premises in not seeking to enforce a valid judgment of eviction. It is equally clear that both parties were awaiting a final judicial determination as to what rent was actually owing on the mezzanine.
Under these circumstances, we conclude that a new month to month lease was entered into by the parties under the above terms as of July 3, 1976. While we note that both parties stipulated that no oral or written agreement was made after July 2, 1976, we nonetheless find that their actions, on the one hand of occupying the premises and paying rent, and on the other of not enforcing an eviction order and accepting rent, are sufficient to establish offer and consent to a contract of lease for a certain property at a fixed price. LSA-R.C.C. Arts. 1811, 1818, 2670.
We also note that while no price for the mezzanine rental was fixed, both parties were clearly awaiting a judgment of court to fix that price, and under LSA-R.C.C. Art. 2672, such an arrangement constitutes a price of sufficient certainty to perfect a lease. We also point out in this regard that this agreement to have the price fixed by the court, as well as lessees’ payments into court of $525 per month, constituted ac-knowledgements of the debt, and therefore that lessees’ argument as to prescription on rents due is without foundation.
We next turn to the question of whether the amount of the judgment is correct. Rent for the mezzanine was fixed by the court at $827.56 per month. The mezzanine was occupied for 31 months, 13 days or 31.4333 months. The rent owing is therefore $26,012.97. The award of the trial court, apparently miscalculated at $25,-968.14, is accordingly amended to correct this slight arithmatical error.
The final issue here is to determine whether the trial court intended that rent for the ground floor should be allowed as a set-off against the judgment. We find that he did not so intend. Our reading of the judgment rather indicates that because $525 per month was paid into court for mezzanine rental during the period in dispute, any amounts which might still be in the registry from these payments are applicable to the amount of judgment. However, if as it appears from the record, all of these funds were withdrawn from the registry in satisfaction of the July 2, 1976 judgment, then lessees are indebted to lessor for the total amount of judgment for the mezzanine for which it is stipulated no other rent was paid with no set-offs allowed for ground floor rentals.
For the foregoing reasons, the judgment of the trial court is affirmed, except that the amount of judgment is amended to be $26,012.97, with a set-off allowed only in the amount of any sums from the $525 monthly payments made by lessees remaining in the court’s registry. If no such sums remain, lessees are to pay the total judgment.
AMENDED AND AS AMENDED, AFFIRMED.