NORRIS, Judge.
This is a suit for breach of a lease contract that was allegedly reconducted. The lessor, Waller Oil Co. Inc., sued the lessee, Loyd T. Brown, d/b/a The Sound Company, for damages due to a fire on the leased premises. Waller alleged that Brown failed to carry fire insurance, in violation of the lease. The case went to jury trial and yielded a verdict that Brown had breached a contractual duty and Waller had sustained damage as a result. Judgment was entered accordingly and Brown appeals, raising three issues:
(1) Whether the doctrine of reconduction applied to the case.
(2) Whether the lessor’s failure to notify the lessee promptly of default in the latter’s obligation to maintain fire insurance estopped the lessor from claiming damages.
(3) Assuming the lease was in effect and the insurance clause had not been waived, was the penalty for lessee’s-breach the cost of the insurance or the amount of the fire loss.
Finding merit in the first argument, we reverse.'
FACTS
In April 1978, Waller Oil Company executed a contract of lease with Brown, covering a portion of a commercial building in Minden. The lease had a term of seven years, from July 1, 1978 to June 30, 1985, at a monthly rental of $500. The lease also contained an option to renew for an additional seven years under the same terms and conditions. The lease further imposed on Brown the duty of procuring and maintaining fire and extended coverage insurance on the premises for its full insurable value during the time of the lease. Waller *585 was obligated to notify Brown promptly and in writing of any default except payment of rent; upon notification, Brown would have 20 days to cure the default, after which Waller was authorized to effect the cure and charge the cost to Brown as part of the rent.
Sometime in June 1985, shortly before the contract was to expire, Brown telephoned Mr. Waller, president of Waller Oil, to inform him specifically that he would not exercise the option to renew. Waller admitted this and testified that it was not in the parties’ best interests for Brown to vacate immediately, as Waller planned to be out of state on business until September. After discussion, both parties agreed that Brown would continue to rent the premises for a term not exceeding three months.[1] Brown asked if he would have to pay a higher rent; Waller said no. They therefore reached a verbal agreement whereby Brown would stay in the store at the same monthly rent he had been paying. No other provisions of the lease were discussed or settled. Three months later, in September, Brown again, telephoned Waller to say he had still not found a new location. Waller had not yet found a new lessee, so they verbally agreed that Brown would stay another month, through October. Once again, nothing was discussed except the term and the rent. On October 28, a fire engulfed the building, causing substantial damage. Brown was not at fault in causing the damage.
Waller learned that Brown was not-carrying fire insurance the day after the fire. An insurance agent testified he could have sold Brown fire insurance on the leased premises for the term of the lease. Waller also presented evidence concerning the cost of repairing the building and his legal expenses. At the time of trial, he had not repaired the building.
Brown testified he was not aware of the fire insurance clause in the original lease contract and that he never maintained the coverage. He also testified about his conversations with Waller in June and September 1985; his testimony was substantially the same as Waller’s. Other witnesses also testified about Brown’s intention not to renew the lease.
As noted, the jury found in response to special interrogatories that Brown had a duty under the lease to provide fire insurance and that Brown’s failure to do so made him liable for the property damage. The court entered judgment in favor of Waller for $16,500 for the cost of repairs, $500 for lost rent and $4,000 for attorney fees. Brown has appealed.
DISCUSSION
Brown’s first argument is that his lease was not reconducted at the end of June 1985. Tacit reconductidn is the continuation of a lease after the expiration of its term by operation of law. LSA-C.C. arts. 2688, 2689.[2] In Ashton Realty Co. v. Prowell, 165 La. 328, 115 So. 579 (1928), the supreme court interpreted the principle of reconduction as follows:
[I]f both parties to the lease remain silent and inactive for the space of one month [one week, under art. 2689] after the expiration of the lease, they shall be presumed to have acquiesced in, and tac *586 itly consented to, a renewal of the lease for another year [another month, under art. 2689], It has no application whatever when either party has clearly announced his intention not to renew the lease on the same terms or for a full year, for the purpose of the law is not to force a contract upon parties unwilling to contract, but merely to establish a rule of evidence, or presumption, as to their intention in the premises. 115 So. at 581.
We have closely examined the evidence in this case. It is abundantly clear that the parties were not “silent and inactive,” such as would activate the presumption of reconduction. Rather, toward the end of the term Brown communicated to his lessor that he would not renew the existing lease. Waller never denied he understood Brown’s intention to terminate the lease. This testimony from the parties themselves shows that both agreed that the old lease would expire. Aware that the written lease would have no effect, they reached an oral agreement as to the basic elements of a new lease: the thing leased and the price. LSA-C.C. arts. 2670, 2683. Later, they reached yet another new agreement. There would be little point in striking these new agreements unless the old one was considered abandoned. Furthermore, the term of the first new agreement was different from that of the typical re-conducted lease. The parties’ stated intent not to be bound by the expired lease, together with their consent to the new leases, undermines the jury’s implicit finding that the old lease was reconducted and that Brown was bound by it. This finding is manifestly erroneous. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
Since Ashton Realty, supra, the courts have repeatedly held that evidence of intent not to renew the old lease circumvents the presumption of art. 2689 and renders it inapplicable. Prisock v. Boyd, 199 So.2d 373 (La.App. 2d Cir.1967); Misse v. Dronet, 493 So.2d 271 (La.App. 3d Cir.1986); Metzler v. Rising T Racing Stables, 461 So.2d 1219 (La.App. 1st Cir.1984); Rosedale Rental Inc. v. Fransen, 427 So.2d 620 (La.App. 5th Cir.1983); Eames v. Goodwin, 337 So.2d 909 (La.App. 3d Cir.1976). These cases reiterate that when one party expresses an intent not to renew, tacit recon-duction does not apply.
We are aware of the facts in other cases cited in brief that might arguably distinguish them from the instant case. For instance, in Rosedale Rental Inc. v. Fran-sen, supra, the lessors showed their intent not to reconduct by seeking judicial termination of the lease and eviction of the lessee. Such an expression of intent is strong and persuasive. In Kogos v. Lemann, 285 So.2d 548 (La.App. 4th Cir.1973), writ denied 288 So.2d 648 (La.1974), and Jacobi v. Toomer, 164 So.2d 610 (La.App. 3d Cir.1964), the original lease agreements contained clauses stating that if the lessee retained possession of the leased premises after expiration of the term, then reconduction would not occur. The parties’ stated intent was bound to be upheld. LSA-C.C. art. 1971. In the instant case, the parties’ intent was also clearly stated and admitted at trial. They agreed that the written lease would end on its termination date and not be renewed. LSA-C.C. art. 1906. Their will was expressed just as well by oral agreement as by the instigation of legal process or by written contract. The parties’ subsequent dealings were wholly independent of the lease agreement. The evidence in the instant case will not support the presumption of reconduction.
Becuase there was no reconduction, the parties are bound by the terms of their new agreement. As already noted, they had agreed on a thing and a price. LSA-C. C. art. 2670. Nothing more is necessary to the confection of a valid lease. There was no agreement as to fire insurance coverage. In the absence of such an agreement, the lessee is not liable for the loss. LSA-C.C. art. 2723; Gen’l Acc., Fire & Life Assur. v. Glenn, 261 So.2d 78 (La.App. 3d Cir.1972); Litvinoff, Smith’s Materials on the Louisiana Law of Sales and Leases (1st ed., 1978), 468. Furthermore, silence as to a particular issue in the agreement must be construed against the lessor. Exxon Corp. of Robichaux, 393 So.2d 224 (La.App. 1st Cir.1980), writ denied 397 So.2d *587 1358 (La.1981). This rule of interpretation would require imposing on the lessor, not the lessee, the burden of carrying fire insurance. Metzler v. Rising T Racing Stables, supra. Brown was not obligated under the new agreement to carry it.
In sum, Brown was not bound by the terms of the written contract, which would have obligated him to carry fire insurance but had admittedly expired. The original contract was not reconducted and the new contract did not impose the obligation on him. For these reasons, the jury’s verdict and the trial court’s judgment are reversed. The plaintiff’s claims are dismissed. Costs of appeal are assessed to appellee, Waller Oil Co. Inc.
REVERSED.
FRED W. JONES, Jr., J., dissents and assigns written reasons.

. Brown testified he wanted to take the premises only until he could find a new location, but ultimately their understanding was for three months.

. Art. 2688. Reconduction of lease of predial estate by continued possession after expiration of term
If, after the lease of a predial estate has expired, the farmer should still continue to possess the same during one month without any step having been taken, either by the lessor or by a new lessee, to cause him to deliver up the possession of the estate, the former lease shall continue subject to the same clauses and conditions which it contained; but it shall continue only for the year next following the expiration of the lease.
Art. 2689. Reconduction of lease of house or room by continued possession after expiration of term
If the tenant either of a house or of a room should continue in possession for a week after his lease has expired, without any opposition being made thereto by the lessor, the lease shall be presumed to have been continued, and he can not be compelled to deliver up the house or room without having received the legal notice or warning directed by article 2686.