FRED W. JONES, Jr., Judge,
dissenting:
Under the reasoning of the majority, the lessor released the lessee from all obligations under the lease (except for payment of rent) simply because the lessee did not choose to remain on the lease premises another seven years. The essence of tacit reconduction is legally presumed continuation of the old agreement under all the same conditions except for duration. The “express intent to the contrary,” which is jurisprudentially required to defeat recon-duction, contemplates more than mere repudiating the original term of duration, as occurred here. Thus, in the absence of any evidence in the record tending to show either party’s desire to be free of any obligations under this lease except for the seven year term, the lessee’s continued occupancy tacitly reconducted the original agreement on a monthly basis.
According to Waller, prior to expiration of the written lease the lessee telephoned the witness and stated that he did not wish to exercise his option to renew the lease because he expected to sell his business in three or four months. Lessor voiced no objection to lessee remaining on the lease premises for that period of time. It was agreed that the lessee would continue occupying the building for three months, through September 1985, at the same rental. No other changes in the lease were discussed. The lessee contacted the lessor again in late September, requesting that he be allowed to remain for an additional month. The lessor agreed.
Defendant Brown testified concerning his lack of knowledge about the insurance clause in the lease and his consequent failure to procure that insurance. His testimony concerning his expressed intent not to renew the lease and remaining on the premises on a monthly basis after the expiration was substantially the same as Waller’s.
After considering the evidence, the jury answered affirmatively to the following interrogatories:
1) Did defendant Loyd T. Brown have a duty under a lease agreement to provide fire insurance on the building owned by plaintiff, Waller Oil Co., Inc.?
2) If so, did the failure of the defendant to provide fire insurance cause defendant to be liable to plaintiff for the damage resulting from the fire?
Tacit reconduction of a lease is a continuation of the lease after the expiration of its term by operation of law. In Louisiana, tacit reconduction requires that the lease has expired, that the lessee remain in possession for more than one week, and that the lessor consent to the lessee remaining in possession or not have given notice to vacate. La.C.C. Art. 2689; 39 Tulane Law Review 798, 813-814; Governor Claiborne Apartments, Inc. v. Attaldo, 256 La. 218, 235 So.2d 574 (1970); Misse v. Dronet, 493 So.2d 271 (La.App. 3d Cir.1986).
The reconducted lease is a continuation of the original lease under the same terms and conditions except that the fixed term or period of duration of the old lease is voided and the reconducted lease is considered to be by the month. Comegys v. Shreveport Kandy Kitchens, 162 La. 103, 110 So. 104 (1926); Weaks Supply v. Werdin, 147 So. 838 (La.App. 2d Cir.1933).
*588 A lease is presumed to be reconducted on a monthly basis if the lessee continues in possession for more than one week beyond the term of the lease. The purpose of this presumption is not to force a contract upon unwilling parties, but merely to establish a rule of evidence, or presumption, as to their intention when a contrary intent has not been expressed. The presumption is inapplicable, however, in the face of a clear intention of the parties to the contrary. Ashton Realty Co. v. Prowell, 165 La. 328, 115 So. 579 (1928); Prisock v. Boyd, 199 So.2d 373 (La.App. 2d Cir.1967); Talambas v. Louisiana State Board of Education, 401 So.2d 1051 (La.App. 3d Cir.1981); Eames v. Goodwin, 337 So.2d 909 (La.App. 3d Cir.1976); Jacobi v. Toomer, 164 So.2d 610 (La.App. 3d Cir.1964); Kogos v. Lemann, 285 So.2d 548 (La.App. 4th Cir.1973), writ refused 288 So.2d 648 (La.1974).
In Kogos v. Lemann, supra, and Jacobi v. Toomer, supra, the leases contained clauses providing that retention of possession of the leased premises by lessee with lessor’s permission beyond the expiration of the term would not reconduct the lease. The courts therefore found that the presumption of reconduction was rendered inoperable by this clearly expressed intention to the contrary.
In several of the cited cases, one of the parties to the lease was seeking to end the contractual relationship altogether after the expiration of the lease. In Prisock v. Boyd, supra, evidence that the landlord did not intend to renew the original lease or create a new lease with the tenant, and that the tenant had notice of this within 30 days of the expiration of the lease, supported a finding that tacit reconduction had not occurred.
Similarly, in Ashton Realty Co. v. Prowell, supra, our Supreme Court found the lessee’s remaining on the premises beyond the expiration of the lease had not recon-ducted the lease where the lessor sued the lessee to obtain possession of the premises after giving him notice to vacate.
Eames v. Goodwin, supra, upon which defendant relies, was an eviction action in which the court held that the predial lease, which had been reconducted twice previously, was not subject to reconduction a third time when the landowner terminated the lease by verbally notifying defendants in advance of expiration that he intended to farm his tract the following year.
In Rosedale Rental, Inc. v. Fransen, 427 So.2d 620 (La.App. 5th Cir.1983), another eviction suit, the continued occupancy of the premises by the lessee was held not to constitute reconduction since the lessor had obtained a judgment terminating the lease and ordering the lessee evicted. He failed to enforce the judgment, however, and a new monthly lease was created when he allowed the lessee to remain for two and one half years.
Divincenti v. Redondo, 486 So.2d 959 (La.App. 1st Cir.1986) is another case in which the court concluded the lease was not continued through reconduction when the lessee remained in possession after expiration. There, the parties had unsuccessfully attempted to negotiate a new lease during the final month of the primary term. The negotiations involved terms which were substantially different from those in the original lease. This was also an eviction action, and although there was no formal demand to vacate, the court found the negotiations to be clear evidence of an intent not to continue the lease under the same terms.
Furthermore, in Misse v. Dronet, supra, the third circuit affirmed the trial court’s determination that a month to month continuation of the prior agreement constituted reconduction. Significantly, special note was taken of the fact that the same rent was paid during the “hold-over” period as had been paid under the original agreement. In contrast, see Maxwell, Inc. v. Mack Trucks, Inc., 172 So.2d 297 (La.App. 4th Cir.1965), writ refused, 247 La. 717, 174 So.2d 131 (1974), where, after the expiration of a written lease, the owner and lessee of the premises agreed orally to a short extension on different terms (different rental and portion of premises subject to lease was changed) and acted under such agreement. The court there found that the lessee had not remained in possession after *589 the expiration of the term within the meaning of the lease, and thus reconduction had not occurred.
The lessee in Talambas v. Louisiana State Board of Education, supra, was not in actual possession of the leased premises beyond the expiration date of the lease. In that case, the Louisiana State Board of Education entered into a series of agreements with plaintiff to lease a meat processing facility in which to conduct vocational training for meat cutting. The meat cutting course lasted six months, and at the end of each term the school closed. As each new class was organized, a new lease was signed.
On the final day of the last lease contracted by the parties, the instructor told the lessor that he would not return as an instructor, but that he thought a new instructor would arrive for the next class. This instructor locked the doors of the building before leaving and kept the keys. Furniture and equipment belonging to the school were left in the building. When a new instructor did not arrive after some time, the lessor began trying to find out if the lessee planned to sign a new lease, so that if not, he could rent to another. The lessor allowed the building to remain unused for some 36 months, after which he filed an action for damages for loss of use and deterioration of the building.
The third circuit reversed the lower court’s finding that the lease had been tacitly reconducted by defendant’s continued possession of the premises after the lease expired. Agreeing with the lower court’s determination that the lessee had remained in possession after the lease expired, the court held that the evidence did not support the presumption that the parties had intended the lease to continue month to month for 36 months, in view of the fact that the longest period of time previously elapsing between leases was 20 days, and defendant had not paid any rent after the expiration of the last six month lease.
In contrast to these cases, a finding of reconduction in the present cause does not operate to force a contract on anyone, as both parties obviously desired that the contractual relationship continue on a monthly basis after the expiration of the term. The record is devoid of any evidence supporting an intention on the part of either party to change any terms of the written lease except for the 7 year term.
Moreover, in Garner v. Perrin, 403 So.2d 814 (La.App. 2d Cir.1981), this court held that a written lease continued (was reconducted) on a month to month basis where the record did not support a conclusion that the lessor opposed possession of the leased premises by the tenant during the week after the lease expired.
In light of this jurisprudence, it appears that where a fixed-term lease expires and the lessee without opposition continues to occupy the premises for more than a week, and there is no evidence of an intent by either party to change any provision of the lease other than its duration, the lease is réconducted. Consequently, I would hold that the lease in this case was reconducted or continued with its same conditions, except for the term.
For these reasons, I respectfully dissent.