MARVIN, Chief Judge.
John P. Davis, Jr. appeals a judgment rejecting his demands against Bob Alsup for rent due on a two-year predial lease that Davis contends was reconducted by Alsup’s remaining on the property after the term of the lease.
On conflicting testimony the trial court found that because the parties, before the end of the two-year lease term, negotiated the terms of the lessee remaining on the property at a reduced rental, their intent was not to reconduct the lease on the same terms.
We affirm. Divincenti v. Redondo, 486 So.2d 959 (La.App. 1st Cir.1986).
FACTS
The agricultural lease was executed on March 20, 1986, for a two-year term, March 15,1986, through March 14,1988, for a rental of $20,000, $10,000 paid upon execution, and $10,000 to be paid March 15, 1987.
The initial $10,000 payment was timely made, but the second payment was not. Davis testified he attempted to contact Alsup about the past due rent, introducing records of some 19 telephone calls made to Alsup between October 23, 1988, and February 7, 1991. Two demand letters, dated January 30, 1991, and February 6, 1991, were written to Alsup. Alsup moved off of the property in March, 1991, and on September 25, 1991, Davis filed suit for $15,000 in past due rent.
The record shows that Alsup made the following rental payments to Davis:
Date of Payment Amount Paid
March 20, 1986 $10,000
March 23, 1987 $ 5,000
January 4, 1988 $ 5,000
November 8, 1988 $ 4,000
December 26, 1988 $ 1,000
June 23, 1989 $ 1,000
September 14, 1989 $ 2,000
December 12, 1989 $ 2,000
March 14, 1990 $ 1,000
March 29, 1990 $ 1,000
May 31, 1990 $ 1,000
August 7, 1990 $ 1,000
September 30, 1990 $ 1,000
$35,000
DISCUSSION
Davis contends that after the expiration of the lease agreement, the lease reconducted under the same terms and conditions, $10,000 per year rent, on a year-to-year basis. He submits that the amount of rent due for 1986 through 1990 was $50,000, $35,000 was paid, and $15,000 is past due. C.C. Art. 2688 states:
If, after the lease of a predial estate has expired, the farmer should still continue to possess the same during one month without any step having been taken, either by the lessor or by a new lessee, to cause him to deliver up the possession of the estate, the former lease shall continue subject to the same clauses and conditions which it contained; but it shall continue only for the year next following the expiration of the lease.
This article has been interpreted in circumstances similar to those presented in this appeal. If the parties to a lease remain silent and inactive for one month after the expiration of the lease, they are presumed to have acquiesced in, and tacitly consented to, a renewal of the lease for another year. Art. *777 2688, however, is not applicable when either party has clearly announced his or her intention not to renew the lease on the same terms for a full year. Ashton Realty Co. v. Prowell, 165 La. 328, 115 So. 579 (1928).
Tacit reeonduction applies only when no action has been taken before the lease expires. Eames v. Goodwin, 337 So.2d 909 (La.App. 3d Cir.1976). When faced with similar facts in Divincenti v. Redondo, supra at 961, the court stated:
[1]n the latter part of August, 1984, the parties entered into negotiations for a new lease. Such negotiations involved terms which differed substantially from the primary lease. Although there was never a formal demand to vacate the premises such negotiations clearly evidence an intent not to continue the same terms of the lease. Therefore, we conclude that the lease was not continued through reconduction. Emphasis added.
Davis testified that because Alsup owed him $5,000 in 1987, he accepted Alsup’s offer to do some work on the land, but the work was never performed. Davis also testified that toward the end of the lease term, the parties altered the terms of the original lease, re-dating the lease, extending the lease on a year-to-year basis for $10,000 per year, and changing the lease term to the calendar year. This “new” lease was not produced at trial.
Alsup testified that in February 1988, one month before the expiration of the written lease, the parties discussed changing the terms of the written lease because Alsup could not afford the rent. Alsup stated:
[Davis] told me that he would cut my rent to $5,000 a year and I was to do some cleanup work, fence rows, some dozer work, and that sort of thing.
Alsup testified that he did some improvement work on the land.
Alsup contends that his first three payments, totaling $20,000, satisfied the terms of the original lease agreement, and his subsequent payments, totalling $5,000 each year, satisfied the oral lease he and Davis agreed to. Alsup denied signing any new written lease, or agreeing to change the lease term to run from January through December.
The trial court noted inconsistencies in Davis’s testimony. Davis’s son and secretary also testified on his behalf. They stated that Alsup had admitted owing Davis money, but neither expressed any knowledge of a new lease agreement, the amount owed, or of any negotiations between the parties. The trial court expressly found their testimony was not helpful.
CONCLUSION
On this record we cannot find the trial court erred in concluding that Davis failed to prove by a preponderance of the evidence any past due rent owed by Alsup.
DECREE
At appellant’s cost, the judgment is AFFIRMED.