430 So.2d 825 (1983)
Brian N. PREEN
v.
Warren F. LeRUTH.
No. 82-CA-188.
Court of Appeal of Louisiana, Fifth Circuit.
April 11, 1983.
Frank S. Bruno, Bruno & Bruno, New Orleans, for plaintiff-appellant.
Martin A. Welp, New Orleans, for defendant-appellee.
Before CHEHARDY, CURRAULT and DUFRESNE, JJ.
CURRAULT, Judge.
This appeal arises from a judgment dismissing plaintiff Brian Preen's action against defendant, Warren F. LeRuth, for breach of contract.
On October 1, 1973, plaintiff, Brian N. Preen, entered into a five-year lease of commercial property with defendant, Warren *826 F. LeRuth. As lessee, plaintiff leased the premises for the purpose of operating a glass shop. Improvements were made pursuant to the agreement and in contemplation of an option to renew for another five-year term.
Plaintiff operated the glass shop for two years. In October, 1975, he entered into an oral sublease agreement with All-Rails at the same monthly rental. Under that agreement, plaintiff was hired as an employee to manage and solicit business for the company. All-Rails was in the business of fabricating aluminum hand rails.
The sublessee originally paid the rent on the building to plaintiff; however, over a period of time it was agreed that All-Rails pay rent directly to defendant through his agent. Ultimately as time to renew grew closer, All-Rails agreed with defendant's agent to convert the payments to a month-to-month schedule with plaintiff's knowledge and assent.
In March, 1978, subsequent to those arrangements, appellant was terminated by All-Rails. On June 26, 1978, three months before the expiration of the lease, plaintiff sent written notice of his intent to exercise his option to renew the lease for an additional five-year term as provided for in the original lease agreement. Plaintiff had another tenant who was willing to sublet the premises for the five-year renewal term.
The defendant refused to honor the plaintiff's right to renew the lease and continued to rent to the initial sublessee, All-Rails, until January of 1979 or some three months after the expiration of the primary term of the lease. Appellee then leased the premises for one year to a fourth party for Eight Hundred Fifty Dollars ($850) per month, or Three Hundred Ten ($310) more than the previously agreed upon renewal rent of Five Hundred Forty Dollars ($540).
As a result, plaintiff instituted these proceedings to recover damages for defendant's alleged breach of contract, and in January, 1981, the matter was heard in the Twenty-Fourth Judicial District Court for the Parish of Jefferson. After hearing the evidence, the trial judge rendered judgment on February 2, 1981, in favor of defendant dismissing plaintiff's case.
Plaintiff consequently perfected this appeal of the trial court judgment alleging as error the finding that plaintiff breached the lease, and in holding that defendant had cause to refuse to renew the lease.
In this regard, appellant presents the following issues for our consideration:
(1) Whether the fact that plaintiff was terminated by the sublessee in any way affected the lease agreement between Preen and LeRuth;
(2) Whether the lessor validly withheld his consent to a sublease agreement without a serious and legitimate reason;
(3) Whether plaintiff breached the lease by using the premises as an aluminum fabricating shop in addition to a glass shop;
(4) Whether there was any evidence presented showing damage to the premises at the expiration of the five-year lease term in September of 1978; and
(5) Whether the fact that the lessee filed for personal bankruptcy gave lessor cause to refuse to renew the lease.
The appellee urges that the trial court was correct in finding that the lessor had good cause to refuse the option in that the appellant-lessee breached the agreement in several instances; and, furthermore, that the lease was abandoned by appellant prior to his attempt to exercise the option. Whatever the merits of the findings by the trial court which are stated as evidence of breach by appellant, our review indicates that appellant-lessee abandoned the lease, thereby justifying appellee's actions in refusing to renew the lease.
Abandonment in Louisiana requires a showing of the act of voluntary relinquishment with the intention to terminate and without vesting ownership in another. Curtis v. Katz, 349 So.2d 362, 363 (La.App. 4th Cir.1977); Salim v. Louisiana State Board of Education, 289 So.2d 554 (La.App. 3d Cir.1974); Powell v. Cox, 92 So.2d 739 (La.App. 2d Cir.1957); New Orleans Bank & Trust Co. v. City of New *827 Orleans, 176 La. 946, 147 So. 42 (1933). If the lessee abandons the premises, the lessor may choose to re-lease in order to mitigate any damages he may suffer as a result of the abandonment. Clay-Dutton, Inc. v. Coleman, 219 So.2d 307 (La.App. 1st Cir. 1969). Under those circumstances, any rents received from the new lease are simply applied to the debt still owed by the original lessee. Weil v. Segura, 178 La. 421, 151 So. 639 (1933); Comment, The Louisiana Law of Lease, 39 Tulane Law Review 798, 851 (1965).
The evidence herein indicates that prior to appellant's termination by All-Rails, a discussion was held regarding the option to renew. Appellant stated he did not care how All-Rails handled the option, that he had no need for the building, and that he did not object to any arrangements All-Rails wished to make directly with appellee concerning payment of the lease. On the day he was terminated from All-Rails' employ, he again indicated that he had washed his hands of the entire matter and vacated the premises without protest.
The determination of abandonment is a factual matter which cannot be disturbed absent a finding that the trial court was clearly wrong. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). Based on these facts and a review of the record as a whole, it is our opinion that the trial judge was not clearly wrong in concluding that appellee did not breach the agreement by his refusal to renew the lease in view of appellee's voluntary abandonment of the lease. In light of this finding, appellant's other issues need not be addressed.
Accordingly, the judgment of the trial court is hereby affirmed with appellant to pay all costs of this appeal.
AFFIRMED.