486 So.2d 959 (1986)
Joseph S. DIVINCENTI, Sr.
v.
Johnny REDONDO and Armando Perez.
No. CA 85 0045.
Court of Appeal of Louisiana, First Circuit.
March 25, 1986.
Charles P. Ciaccio, New Orleans, for Joseph S. Divincenti, Sr.
Patrick D. Breeden, New Orleans, for Johnny Redondo.
Before LOTTINGER, COLE and CRAIN, JJ.
LOTTINGER, Judge.
This action is one for eviction of a lessee after the expiration of a lease, as well as for unpaid rent due under the terms of the lease. From a judgment in favor of plaintiff-lessor, defendant appeals.

FACTS
On July 23, 1982, Joseph Divincenti leased to Johnny Redondo and Armando Perez certain commercial property in Tangipahoa Parish, Louisiana. The lease provided for a term of two years beginning on September 1, 1982 and terminating on August *960 31, 1984, and the lease provided for monthly rental payments of $4000 due on the first of each month. Redondo and Perez also agreed to purchase the property at the expiration of the lease, and executed a purchase agreement to that effect.
During the term of the lease the rental payments were sometimes two and three months delinquent, but Mr. Divincenti never complained nor requested payment. Furthermore, no rent was paid for the months of May, June, July and August, 1984.
In August and September of 1984 Mr. Redondo and Mr. Divincenti entered into negotiations for an extension of both the lease and purchase agreement. Mr. Perez was not a party to these negotiations. No written agreement was ever formalized as Mr. Perez would not sign any extension proposals for review by Mr. Divincenti.
On September 14, 1984, after the expiration of the term of the lease, Mr. Divincenti filed the present suit seeking to evict Redondo and Perez, who had remained on the premises, and for the unpaid rent. To secure the payment of the latter, a writ of sequestration was sought and issued and all of the movables in the premises were seized.
The case was heard and judgment was entered in favor of the plaintiff, restoring him to full possession of the property and maintaining his writ of sequestration.

ASSIGNMENTS OF ERROR
Mr. Redondo devolutively appealed, alleging the following as errors by the trial court:
(1) in holding that "once a lease expired you cannot violate the lease," even if possession is being sought by the lessor because of violations of the lease terms by the lessee;
(2) in failing to hold that Mr. Divincenti, as lessor, had to comply with the 5 day eviction notice requirement of La.Code Civ.P. art. 4701 et seq. in seeking the eviction of the lessees;
(3) in holding that the Canons of Professional Responsibility are not the law, but are purely guidelines;
(4) in upholding an attorney-client privilege asserted by Mr. Divincenti's attorney; and
(5) in failing to find the parties had agreed to an extension of the lease.

ANSWERS TO THE APPEAL
In addition, Mr. Divincenti has answered the appeal seeking damages for an alleged frivolous appeal by Mr. Redondo. However, this was not briefed, and, as such is considered abandoned. See Uniform RulesCourts of Appeal, Rule 2-12.4.

ASSIGNMENTS OF ERROR NUMBERS 1, 2, AND 5
Redondo argues that the trial court misinterpreted the lease, and should have held Divincenti to the requirements of an eviction proceeding under La.Code Civ.P. art. 4701 et seq. Redondo further contends that the lease contains conflicting provisions regarding the termination of the lease, with one provision providing a waiver of any notice requirement and legal delays, and another requiring thirty days notice of eviction if the lessee violates the lease terms. However, a careful reading of these provisions establishes that they are concerned with different circumstances. The first provision, applicable in the present case, is concerned with returning possession of the premises to the lessor after expiration of the lease. Contained in that provision is a waiver of any and all notice requirements, which is an effective waiver of the five day notice mentioned by Redondo. See: La.Code Civ.P. art. 4701.
The second provision referred to by Redondo concerns the situation where the lessee violates the terms of the lease, but the lease is still in effect. In that instance, after thirty days written notice, the lessor can seek to have the lease terminated. This is not applicable in the instant case and is quite different from the first provision in which the lease expires or is terminated for whatever cause.
*961 Redondo also alleges that the lease was maintained by reconduction, as he was allowed to maintain possession of the premises after the expiration of the lease.
Under our Civil Code, reconduction takes place when a fixed term lease expires and the lessee, without opposition from the lessor, continues to occupy the premises for more than a week. La.Civ. Code art. 2689. In such a case, the reconducted lease is actually a continuation of the lease under the same terms and conditions except that the term is considered to be by the month. Governor Claiborne Apartments, Inc. v. Attaldo, 256 La.218, 235 So.2d 574 (1970). Because of this, any intention not to renew the lease on the same terms defeats reconduction, for the purpose of the law is not to force a contract, but merely establish a rule of evidence or a presumption as to the parties' intention. Prisock v. Boyd, 199 So.2d 373 (La.App. 2nd Cir.1967). In addition, where the evidence shows an intent to the contrary, the presumption of reconduction is inoperative. Talambas v. Louisiana State Board of Education, 401 So.2d 1051 (La.App. 3rd Cir.1981); Prisock v. Boyd, supra.
The evidence in the instant case establishes that in the latter part of August, 1984, the final month of the lease, and early September, 1984, the parties entered into negotiations for a new lease. Such negotiations involved terms which differed substantially from the primary lease. Although there was never a formal demand to vacate the premises such negotiations clearly evidence an intent not to continue the same terms of the lease. Therefore, we conclude that the lease was not continued through reconduction.

ASSIGNMENT OF ERROR NO. 3
At the outset of the trial below, Redondo's attorney alleged a possible violation of the Canons of Professional Responsibility, in that Divincenti's attorney had initially prepared the lease, participated in the negotiations for a renewal, and was to be called as a witness in regards to the lease. This objection was later renewed when the attorney was in fact called as a witness.
DR5-102 of the Louisiana Code of Professional Responsibility provides as follows:
(A) If, after undertaking employment in contemplated or pending litigation, a lawyer learns or it is obvious that he or a lawyer in his firm ought to be called as a witness on behalf of his client, he shall withdraw from the conduct of the trial and his firm, if any, shall not continue representation in the trial, except that he may continue the representation and he or a lawyer in his firm may testify in the circumstances enumerated in DR 5-101(B)(1) through (4).
(B) If, after undertaking employment in contemplated or pending litigation, a lawyer learns or it is obvious that he or a lawyer in his firm may be called as a witness other than on behalf of his client, he may continue the representation until it is apparent that his testimony is or may be prejudicial to his client. (emphasis added)
The record establishes that the attorney was called as a witness on behalf of Redondo and not his client, Divincenti. Furthermore, his testimony was not prejudicial to his client and, therefore, was not prohibited. This assignment of error lacks merit.

ASSIGNMENT OF ERROR NO. 4
Next, Redondo complains of the trial court's upholding an attorney-client privilege asserted by Divincenti's attorney as he was examined by Redondo's attorney. The basis of the allegation is that the court, and not Divincenti asserted the privilege, and that the purported privileged information was the substance of a three party conversation in which Redondo was present. However, the record establishes that the attorney initially invoked the privilege which was upheld by the trial judge after the attorney rendered several non-privileged answers in response to questions by Redondo's attorney.
*962 As to the latter allegation, the record establishes that conversations to which Redondo was a party were not considered privileged by the trial court. The privileged information consisted of phone conversations between Divincenti and his attorney. Although Redondo was in the room with the attorney, he was not a party to the conversation, and the information was privileged under the attorney-client privilege. Therefore, no error was committed.
Therefore, for the above and foregoing reasons, the judgment of the trial court is affirmed at the cost of defendant-appellant.
AFFIRMED.