KLEES, Judge.
Defendant appeals the district court’s judgment ordering him to vacate certain premises which he leased from plaintiff. We affirm.
On February 8, 1988, the plaintiff/lessor and defendant/lessee entered into a written five-year lease of commercial property for the premises located at 1235-37-39-41 Royal Street and 1310-10V2 Royal Street. On March 1, 1988, defendant began operating on these premises a lounge known as “The Golden Lantern”. Under the terms of the lease, the rent of $6,000 per month was due on the 1st of each month and was considered late on the 5th of the month, after which a $300 late fee would become applicable. The lease also required the lessee to maintain liability insurance coverage in the amount of $500,000 and fire and extended coverage in the amount of $400,000.
On June 8, 1989, after having been late with several payments, defendant received a letter notifying him that the June rent was past due and placing him in default for failure to pay. On June 27, 1989, plaintiff filed a rule to evict defendant citing as reasons the failure to pay the June rent as well as the failure to maintain the stipulated insurance coverage. Defendant answered the rule by filing an exception of prematurity asserting that the five-day notice to vacate which was “tacked” on the premises door was improperly served and alternatively alleging that plaintiff had orally agreed to change certain terms of the lease.
A hearing on the rule was held before the Commissioner on July 6, 1989. Defendant testified concerning only the notice issue, stating that he had not abandoned the premises, but was out-of-town when the notice to vacate was tacked on the door. He gave no evidence to support any of his other defenses. Plaintiff introduced the lease into evidence and testified that he had received no rent for June or July and that he had never received any proof of insurance on the buildings.
Based on the Commissioner’s recommendation, judgment was rendered on July 6, 1989 overruling the exception and ordering the defendant to vacate the premises and deliver possession thereof to plaintiff. In his Reasons for Judgment, the trial judge stated that the manner of giving notice was immaterial because the lessee had expressly waived his legal right to notice in lines 129-130 of the lease, which states “Lessee hereby assenting thereto and expressly waiving the legal notices to vacate the premises.” Therefore, plaintiff was entitled to have defendant evicted for non-payment of rent and failure to maintain the required insurance.
Defendant appealed suspensively, and we granted plaintiff’s motion to expedite the appeal. The appeal bond, originally set for $18,000, was increased to $54,000 on July 28, 1989 by the district court on motion of plaintiff. On September 12, 1989, the district court declared the bond posted to be insufficient and dismissed the suspensive appeal, thereby converting this into a de-volutive appeal.
Defendant’s argument on appeal focuses solely on the impropriety of the tacking procedure used to give notice. Plaintiff asserts that the trial judge was correct in finding that plaintiff waived his right to notice. Additionally, plaintiff asserts that defendant has abandoned the premises as of September 13, 1989. Based on defendant’s conduct with regard to the suspen-sive appeal, plaintiff seeks damages and attorney’s fees for frivolous appeal.
We agree with the trial judge that the defendant waived his right to the legal notice to vacate by the terms of the lease. La.Code Civ.Pro. art. 4701 states, in pertinent part:
A lessee may waive the notice requirements of this Article by written waiver contained in the lease, in which case, upon termination of lessee’s right of occupancy for any reason, the lessor or his agents may immediately institute eviction proceedings in accordance with Chapter 2 of Title XI of the Louisiana Code of Civil Procedure.
See also Divincenti v. Redondo, 486 So.2d 959 (La.App. 1st Cir.1986). We therefore affirm the judgment of eviction.
We also find merit in plaintiff’s argument that defendant should be assessed *928 damages for taking a frivolous appeal. Article 2164 of the Code of Civil Procedure authorizes the appellate court to award damages for frivolous appeal whenever it deems them equitable. In this case, defendant managed to delay his eviction for more than 2 months by posting two appeal bonds, both of which ultimately turned out to be insufficient. After the first bond was thrown out on a Rule to Test Surety wherein defendant admitted the bond was insufficient, defendant was given five days to post another bond. When plaintiff sought to depose defendant in an effort to test the second bond, defendant again used delaying tactics such as seeking a protective order to stay the deposition, even though an identical protective order had been granted ex parte and then rescinded in the case of the first Rule to Test Surety. Finally, plaintiff failed to appear for the deposition date set by the court on September 11, 1989; neither plaintiff nor his surety appeared for the hearing on the second Rule to Test 'Surety on September 12, 1989, at which time the suspensive appeal was dismissed.
It is obvious to this court that defendant used the device of a suspensive appeal solely as a means of delaying his eventual eviction, thereby incurring plaintiff additional expense as well as legal fees. An affidavit in the record shows that plaintiff owes substantial mortgage payments on the property in question, and that his only source of income is rents received from this and other properties. Based on the figures in the record, we therefore award plaintiff the sum of $7,500.00 in damages for frivolous appeal, which sum includes $1,500.00 in attorney’s fees.
Accordingly, the judgment of the district court is affirmed, and additionally, judgment is hereby rendered awarding plaintiff/appellee Daniel E. Wilson the sum of $7,500.00 in damages for frivolous appeal against defendant/appellant Reggie Fuqua. All costs to be borne by appellant.
AFFIRMED AND RENDERED.