598 So.2d 1224 (1992)
MANAGEMENT ONE OF LOUISIANA, INC.
v.
Charles THIBODEAUX, et al.
No. 91-CA-0857.
Court of Appeal of Louisiana, Fourth Circuit.
April 30, 1992.
*1225 Waltzer & Bagneris, Bruce C. Waltzer, Paul S. Weidenfeld, New Orleans, for defendant-appellant.
Before KLEES, BYRNES and JONES, JJ.
BYRNES, Judge.
Charles Thibodeaux appeals the trial court's decision ordering him to vacate the property owned by Management One. We affirm.
Charles Thibodeaux leased a house at 4918 Mexico Street from Management One on a month to month basis. On August 23, 1990 Mr. Thibodeaux paid his rent from August 20 to September 20, but Management One refused to accept his rent for the period of September 20 to October 20. Management One contended that it gave Mr. Thibodeaux oral notice on August 23 that it did not intend to continue the lease. Management One did not give him written notice that day. On August 2, 1990 Management One gave Mr. Thibodeaux a five day Notice to Vacate based on the "owner wants possession". Mr. Thibodeaux did not vacate on August 20, 1990 but instead returned to the Management One office to pay his rent. Management One neither accepted the rent nor gave him a written termination notice for the lease. On September 12, 1990 Management One attained an order for eviction against Mr. Thibodeaux based on the August 2 Notice to Vacate. From that decision, Mr. Thibodeaux appeals suspensively.
The issue is whether the five day Notice to Vacate based on the owner wanting possession given on August 2, 1990 constituted a ten day Notice of Termination of the lease which is required by law for Management One to terminate the month to month lease with Mr. Thibodeaux. Louisiana Civil Code article 2685 states:
Presumed duration of lease of house, where no time specified
If the renting of a house, or other edifice, or an apartment, has been made without fixing its duration, the lease shall be considered to have been made by the month.
Louisiana Civil Code article 2686 continues:
Notice of termination when no agreement as to duration
The parties must abide by the agreement as fixed at the time of the lease. If no time for its duration has been agreed on, the party desiring to put an end to it must give notice in writing to the other, at least ten days before the expiration of the month, which has begun to run.
Any notice in writing clearly indicating to the month to month tenant that the lessor desired to put an end to the lease and gain possession is sufficient, as long as it is served ten days prior to the expiration of the month. Louisiana Home Builders v. Fontenot, 546 So.2d 325, 327 (La.App. 3rd Cir.1989). Mr. Thibodeaux clearly knew that Management One did not intend to continue the month to month lease when he received the Notice to Vacate sixteen days before the expiration of his lease. The notice stated that it was not issued for non-payment of the rent, but was issued simply because the owner wanted to take possession. The owner could have terminated the lease for any reason, as long as Mr. Thibodeaux received notice ten days beforehand. *1226 Management One did not attempt to execute the order to vacate before August 31, 1990. Mr. Thibodeaux contends that he should have received a Notice to Terminate the Lease and only after the lease was terminated by that notice should Management One be allowed to serve him with a Notice to Vacate. He argues that a Notice to Vacate can not be served to him when he has a right to possession because his rent was paid through August 20, 1990. However, Management One had the right to possession of the property on August 21, 1990, and could serve notice to that effect. Mr. Thibodeaux also argues that the Notice to Vacate was confusing on its face since he did not have to vacate until August 20 and thus did not constitute the legally required notice. While Management One could have written the date of effect upon the Notice to Vacate to avoid this potential confusion for the tenant, it did not legally need to do so, and the record establishes Mr. Thibodeaux knew Management One's intentions anyway.
Accordingly, we affirm the trial court's decision.
AFFIRMED.