LOBRANO, Judge.
This is an appeal from a Rule for Possession wherein the lessor, Torco Oil Company, seeks possession of property it leased to The Grif-Dun Group, Inc. The trial court made the rule absolute and held that the written lease between the parties, although expired by its own terms, had nevertheless been reconducted and that in said lease the lessee had expressly waived all notices.
Both lessee and lessor appeal. The lessee argues that the ten day termination *103 notice requirement of Civil Code Articles 2689 [1] and 2686[2] was not waived in the written agreement and thus the Rule for Possession should have been dismissed. The lessor answered the appeal arguing that the lease was not reconducted, thus the ten day notice was not a requirement, and alternatively, that even if reconduction took place, the terms of the lease expressly waived any notice requirement. We amend and affirm.
FACTS:
There is no dispute about the relevant facts. Lessor and lessee entered into a written lease of commercial property for a six month period ending December 5, 1991. At the expiration of the lease term the lessee remained in undisturbed possession of the premises until this rule was filed on June 23, 1992. There is no evidence that lessor objected to lessee’s possession until it filed the possession rule, and it is undisputed that lessee failed to pay any rent during that period.
ISSUES:
There are two issues for our determination. First we must decide if there was a tacit reconduction of the lease; and second, if so, was the ten day notice of termination requirement of Civil Code Article 2686 satisfied.
RECONDUCTION:
The lessor argues that there was no tacit reconduction of the lease and that its Rule for Possession was predicated on the expiration of the written lease by its own terms. In that instance argues lessor, the ten day requirement of Civil Code Article 2686 is inapplicable.
It is well settled in our law that legal reconduction is a continuation of the lease under the same conditions of the old lease except the term. In urban areas, such as the instant case, the new term is month to month. La.C.C.Arts. 2685[3] and 2689; 210 Baronne Street Ltd. v. Pisano, 526 So.2d 345 (La.App. 4th Cir.1988). Re-conduction is presumed where the “tenant ... should continue in possession for a week after his lease has expired, without any opposition being made thereto by the lessor_” La.C.C.Art. 2689
Our jurisprudence has been clear that the presumption of reconduction is inoperative, however, in the face of the clear intention of the parties to the contrary. Kogos v. Lemann, 285 So.2d 548 (La.App. 4th Cir.1973), writ refused, 288 So.2d 648 (La.1974); Divincenti v. Redondo, 486 So.2d 959 (La.App. 1st Cir.1986); Talambas v. Louisiana State Bd. of Ed., 401 So.2d 1051 (La.App. 3rd Cir.1981).
In Kogos, supra, the written lease agreement contained a clause which clearly stated continued occupancy would not be construed as a reconduction. In Divincenti, supra, the court concluded that reconduction did not occur where, during the final month of the lease, the parties entered negotiations for a new lease clearly indicating an intent not to continue the existing lease. In Talambas, supra, the court found that even though the lessee continued possession by leaving its movables on the leased premises, there was no recon-duction for the full thirty six month period as asserted by the lessor. Determining factors included the attempts by lessor’s agent to contact lessee with respect to its intentions, and the lessee’s failure to pay any rent after the original lease terminated.
*104 The burden is on the party urging reconduction and the law will not force a contract on an unwilling party. Talambas, supra; Governor Claiborne Apartments, Inc. v. Attaldo, 256 La. 218, 235 So.2d 574 (1970). Lessor argues that Article 9 of the lease agreement evidences its intent not to reconduct. The pertinent provisions of that Article are:
“At the expiration of this lease, Lessee shall re-deliver to Lessor the Leased Premises in good order and condition, clear of all personal goods and broom cleaned, and shall make good all damages to the Leased Premises, usual and customary wear and tear excepted, and, shall remain liable for holdover rent until the Leased Premises shall be returned in such order to the Lessor. No demand or notice of such delivery shall be necessary, Lessee expressly waiving all notices and legal delays.”
Lessor also argues that lessee’s non payment of rent during the period after the lease expired is further evidence of intent not to reconduct. We disagree.
Lessee remained in uninterrupted possession of the premises for six months after the expiration date of the lease. The presumption of reconduction provided in Article 2689 clearly exists. Article 9, quoted above, does not, in our opinion, indicate a contrary intent. That article merely is an expression of the lessee’s obligations when the lease terminates on its expiration date. The lessee continued to occupy and use the premises in no way different before and after the expiration date. Although nonpayment of rent may give rise to a claim by lessor for past due rents, it does not, by itself, evidence an intent sufficient to overcome the presumption of reconduction created by occupancy. In our opinion the trial judge was correct in concluding there was a reconduction of the lease.
NOTICE OF TERMINATION:
A notice of termination is not necessary where a lease agreement, with fixed term, reaches its expiration. In that instance, both parties know the expiration date. However, where a lease has no fixed term, “the party desiring to put an end to it must give notice in writing to the other, at least ten days before the expiration of the month, which has begun to run.” La. C.C.Art. 2686. Because a reconducted lease has no fixed term, Article 2689 requires that the ten day notice provisions of Article 2686 are a prerequisite to compelling the lessee to deliver the premises. The obvious intent of Article 2686 is to afford either the lessor or lessee a reasonable time period to make other arrangements before the leased premises are vacated. The law requires notice by one party to the other that their lease agreement will be terminated.
Although lessor argues that this notice of termination was waived in Article 9 of the written lease provisions, we need not decide that issue because we find that sufficient notice was given to the lessee. “Any notice in writing clearly indicating to the month to month tenant that the lessor desired to put an end to the lease and gain possession is sufficient, as long as it is served ten days prior to the expiration of the month.” Management One v. Thibodeaux, 598 So.2d 1224 (La.App. 4th Cir.1992).
In the instant case lessor filed it’s rule for possession on June 23, 1992. Although the record does not show the exact date of service, lessee certainly received it by June 29th, the date it filed an answer. Subsequent subpoenas and subpoenas duc-es tecum were served on lessee, each stamped with the phrase “Rule For Possession”. A hearing was held and the rule was made absolute on July 16, 1992. In our opinion, the initial rule and subsequent subpoenas certainly gave the lessee notice that lessor desired to end their lease arrangement. The only error in the proceedings which has merit is that lessee could not be required to vacate before July 31, 1992 because the notice it received was less than ten days before the end of June.
Any other result in this case would be absurd since it is obvious to everyone that lessee has received the requisite notice that lessor desires to terminate the lease. It would be a waste of judicial time to vacate *105 the trial court judgment and require the lessor to “start over”. When the lessee was served with the rule for possession it knew it would have to vacate the premises. The only reprieve is that the lessee could not be required to vacate before the end of July.
Accordingly we amend the trial court judgment to provide that the month to month lease is terminated as of July 31, 1992. In all other respects the judgment is affirmed.
AMENDED AND AS AMENDED, AFFIRMED.

. La.C.C.Art. 2689 provides:
“If the tenant either of a house or of a room should continue in possession for a week after his lease has expired, without any opposition being made thereto by the lessor, the lease shall be presumed to have been continued, and he can not be compelled to deliver up the house or room without having received the legal notice or warning directed by article 2686.”

. La.C.C.Art. 2686 provides:
"The parties must abide by the agreement as fixed at the time of the lease. If no time for its duration has been agreed on, the party desiring to put an end to it must give notice in writing to the other, at least ten days before the expiration of the month, which has begun to run."

.La.C.C.Art. 2685 provides:
"If the renting of a house or other edifice, or of an apartment, has been made without fixing its duration, the lease shall be considered to have been made by the month.”