690 So.2d 807 (1996)
BILL KASSEL FARMS, INC., et al., Plaintiffs-Appellants,
v.
Richard PAUL, et ux., Defendants-Appellees.
No. 96-462.
Court of Appeal of Louisiana, Third Circuit.
December 11, 1996.
Rehearing Denied February 20, 1997.
Writ Denied April 25, 1997.
Albin Alexandre Provosty, Alexandria, Jack Hendrix McLemore, Jr., Vidalia, for Bill Kassel Farms, Inc.
Virgil Russell Purvis, Jr., Jonesville, for Richard Paul et al.
Before DOUCET, C.J., and SAUNDERS and AMY, JJ.
SAUNDERS, Judge.
On April 9, 1992, Bill Kassel Farms, Inc. and William Kassel, individually, filed suit against Richard and Debbie Paul for damages allegedly sustained from their failure to honor their obligations as lessees and debtors. *808 Defendant filed a general denial and additionally reconvened, seeking damages for, inter alia, wrongful eviction.
Following a bench trial, judgment was rendered granting a majority of the plaintiff's claims. The court also concluded that the Pauls were wrongfully evicted and awarded them in excess of $700,000.00 on their reconventional demand. Only plaintiff appealed on the reconventional demand. We reverse.

FACTS
A lease with an option to purchase was executed on February 14, 1989, between Kassel Farms Inc., as lessor, and Paul Farms, Inc., as lessee. The lease contained a five year term commencing February 1, 1989, and ending December 31, 1993. On several occasions, May 1990 and February 1991, the aforementioned lease agreement was modified in writing to add lessees and to alter their respective acreage. Despite the various written modifications to the lease, the parties acknowledged that an oral agreement existed between Kassel Farms and Richard Paul wherein Paul would be the beneficiary of all option payments and act as lessee of the entire property under the terms of the original lease agreement.
The question presented by lessee's reconventional demand, the only appeal before this court, is whether the trial court properly rendered damages for wrongful eviction.
Bill Kassel, as President of Kassel Farms, testified that the parties agreed to terminate the lease after Richard Paul failed to pay any 1991 rent following Paul's 1991 disastrous crop, as it became apparent that Paul would be unable to acquire financing for his 1992 crop.([1]) To confirm this understanding, according to the lessor, Kassel notified Paul by letter on December 10, 1991, that the 1991 lease would expire on December 31, 1991, and that the lease would not reconduct.
Lessee, Richard Paul, on the other hand, maintains that although he and Kassel had spirited discussions regarding the continuation of the lease, the parties never agreed to terminate the lease. Paul contends that he did not abandon the premises, but felt compelled to do so after receiving lessor's December 10, 1991, correspondence, which he took to be an eviction notice.
After hearing the evidence, the trial court concluded that the parties did not mutually agree, orally or otherwise, to terminate the original lease and that the Pauls were wrongfully evicted. Lessor's appeal stems from this judgment.
While we conclude that the trial court did not manifestly err in its factual finding of the parties' intent, it is evident that the judge did not apply correct principles of law when it concluded that the lessor's correspondence dated December 10, 1991, constituted grounds for lessee's reconventional demand for wrongful eviction.
In its reasons for judgment, the trial court indicated that "[t]o evict Paul from the lease premises, Kassel relied on the language of the later leases which he admits were simulations. Kassel's actions were illegal and Paul was wrongfully evicted from the property." Nowhere in its reasons for judgment does the trial court suggest that any action other than the letter in question constitutes either an actual or a constructive eviction. Furthermore, our review of the record does not show any action on the part of defendant which would support a conclusion that there was either an actual or constructive eviction.([2])
Accordingly, our inquiry must be to determine whether the trial judge was correct in determining that the letter of December 10, *809 1991, constituted a wrongful eviction of Kassel's tenant.

LAW
A lessor is bound to permit the lessee to enjoy the peaceable possession of the premises during the lease. La.Civ.Code art. 2692. Should the lessor wrongfully dispossess the lessee from the premises, he is answerable in damages, La.Civ.Code art. 2696, unless the lessor complies with the substantive law and judicial processes created to effectuate an eviction. See, e.g., La.Code Civ.P. art. 4701, et seq.
In the present case, there is no question that the letter sent by the lessor dated December 10, 1991, failed to comport with the requirements required by La.Code Civ.P. art. 4701 and, as such, does not constitute sufficient notice to vacate:
When a lessee's right of occupancy has ceased because of the termination of the lease by expiration of its term, action by the lessor, nonpayment of rent, or for any other reason, and the lessor wishes to obtain possession of the premises, the lessor or his agent shall cause written notice to vacate the premises to be delivered to the lessee. The notice shall allow the lessee not less than five days from the date of its delivery to vacate the premises.

If the lease has no definite term, the notice required by law for its termination shall be considered as a notice to vacate under this Article. If the lease has a definite term, notice to vacate may be given not more than thirty days before the expiration of the lease. (Emphasis added).
La.Code Civ.P. art. 4701.
Upon a lessee's failure to vacate the leased premises after receiving such notice, the lessor must proceed summarily to have the lessee evicted.
La.Code Civ.P. art. 4731(A) provides:
If the lessee or occupant fails to comply with the notice to vacate required under this Title, or if the lessee has waived his right to notice to vacate by written waiver contained in the lease, and has lost his right of occupancy for any reason, the lessor, or owner, or agent thereof, may cause the lessee or occupant to be cited summarily by a court of competent jurisdiction to show cause why he should not be ordered to deliver possession of the premises to the lessor or owner. The rule to show cause shall state the groups upon which the eviction is sought.
Thus, a notice to vacate in and of itself is only the initial stage in effectuating an eviction and it is upon lessee's failure to vacate the leased premises after receiving such notice that the lessor must proceed summarily to have the lessee evicted.
In this case, the lessor's correspondence was not tantamount to a formal eviction, regardless of the fact that it did not comport with the notice requirements established by Louisiana law.
Because no formal eviction was obtained against the lessee, it would appear that absent some other justification for the lessor's action in extrajudicially retaking possession of the premises, we would be compelled to conclude that the lessor breached its obligation owed to the lessee to maintain the lessee in peaceable possession of the premises. See La.Civ.Code arts. 2692 and 2696.
However, in the present case, the lessor claims that it is justified in having returned to the farm, the object of the lease, without previous judicial intervention because of defendant's abandonment of the premises.([3]) In determining whether an abandonment has occurred, there must be a showing that the lessee voluntarily relinquished the premises and intended to terminate without vesting ownership in another. Preen v. LeRuth, 430 So.2d 825 (La.App. 5 Cir.1983).
Despite Paul's contentions that he did not abandon the lease because he had commenced *810 efforts to obtain loans to prepare for the 1992 crop, neither his testimony nor his actions corroborate these contentions.
The evidence herein indicates from Paul's testimony that he had abandoned the aforementioned property prior to its repossession. As Paul himself conceded, he ceased farming operations on Bill Kassel's Farm, removed a substantial amount of his equipment from the premises (including several tractors), and finally, he made no attempts to farm the property after he received the letter from Kassel.
Paul did not contest the letter by sending a response to Kassel, nor did he remain on the premises which would have forced Kassel to obtain a judgment of eviction (possession). Plainly, he picked up and left. In light of defendant's actions, we conclude that the lessor was justified in his belief that the lessee abandoned the premises.
In Sunbelt Security Services, Inc. v. Delahoussaye, 572 So.2d 598 (La.App. 4 Cir.1990), citing Richard v. Broussard, 495 So.2d 1291 (La.1986), the court set forth the remedies available to a lessor when a lessee defaults on a lease.
Generally, when a lessee defaults on a lease agreement, the lessor has two options available: he may sue to cancel the lease and to recover accrued rentals due, or he may sue to enforce the lease and to recover both accrued rentals and future accelerated rentals (if the lease contains an acceleration clause). These remedies are mutually exclusive. Comment, The Louisiana Law of Lease, 39 Tul.L.Rev. 798, 860 (1965); V. Palmer, Leases, The Law in Louisiana Sec. 5-19 (1982). If the lessor elects to cancel the lease, the lease is terminated and the lessor is entitled to return into possession, but he forfeits the right to all future rentals. On the other hand, if the lessor elects to enforce the lease, he may obtain a money judgment against the lessee based on the terms of the lease agreement, but the lease remains in effect and the lessee retains the right of occupancy for the remainder of the term of the lease. However, when the lessee breaches the lease by abandoning the premises, the lessor has the right to take possession of the premises as agent for the lessee and to relet the premises to a third party without canceling the lease or relieving the lessee of his obligations under the lease contract. (Emphasis added).
Sunbelt Security Services, Inc., 572 So.2d at 605.
Additionally, in Bunel of New Orleans, Inc. v. Cigali, 348 So.2d 993 (La.App. 4 Cir. 1977), where the lessor sent notice to the lessee to vacate the premises and received no response, the Fourth Circuit held the following:
The law requires actual eviction before a tenant may recover damages from his lessor. When the rent is unpaid and lessee leaves the premises without action by the lessor, there is in fact an abandonment of the premises and the lessor's taking possession thereof does not constitute wrongful eviction.
Bunel, 348 So.2d at 996.
In the present case, lessee abandoned the premises and lessor's retaking possession thereof without first resorting to legal process does not constitute a wrongful eviction. Accordingly, the judgment of the trial court awarding the Pauls' damages on their reconventional demand is hereby reversed; and appellants' other assigned errors are pretermitted, at defendants-appellees' costs.
REVERSED AND RENDERED.
NOTES
[1] William (Bill) Kassel died on September 23, 1993, before the trial of this matter which was held on June 29th and 30th 1995. His testimony was submitted through his deposition which was taken on August 19, 1992.
[2] We particularly note that besides the letter dated December 10, 1991, there has been the absence of any testimony to the effect that Kassel had told lessee to remove himself from the premises or used any other language suggesting that the continued exercise of the lease would not be permitted.

Indeed, the tenor of lessee's testimony was that while there were heated discussions concerning the lease, the parties never reached an agreement to terminate the lease, and as a result, the lessee maintained occupancy of the premises.
[3] As the lessor observes, the question of the lessee's abandonment is properly before this court due to the unobjected to evidence on the issue produced at trial. Hopkins v. American Cyanamid Co., 95-1088 (La.1/16/96), 666 So.2d 615, citing First National Bank of Abbeville v. Greene, 612 So.2d 759 (La.App. 3 Cir.1992), writ denied, 617 So.2d 916 (La.1993); and Herrell v. Herrell, 594 So.2d 943 (La.App. 3 Cir.1992).