Dear Honorable Koppenol:
We are in receipt of your opinion request wherein you have asked a series of questions relating to a marina owner's eviction rights against a month-to-month tenant. Specifically, you seek an opinion of the following questions:
(1) What are his options in JP court?
(2) Does a marina owner file a petition to evict?
 (3) If so, and judgment is entered for eviction, but the boat owner still doesn't remove the boat — how does the marina owner have the boat removed?
(4) What is the proper procedure for removal?
 (5) If it were removed at his cost, would he be in worse shape than he is in now?
Pursuant to La C.C.P. art. 4911, the civil jurisdiction of the justice of the peace court is concurrent with the district court over suits by landlords or lessors for the eviction of occupants or tenants of leased residential and commercial property. As such, a justice of the peace can hear all eviction matters regardless of the amount of monthly or yearly rent or the rent for an unexpired term of the lease. La.C.C.P. art. 4912.
In answer to your second question regarding whether the marina owner files a petition to evict, generally, when a lessee defaults on a lease agreement, the lessor has two options available: (1) he may sue to cancel the lease and recover accrued rentals due, or (2) he may sue to enforce the lease and recover both accrued rentals and future accelerated rentals if the lease specifies such. Bill Kassel Farms, Inc. v. Paul,690 So.2d 807, 96-462 (La.App. 3 Cir. 12/11/96), See, Sunbelt SecurityServices, Inc. v. Delahoussaye, 572 So.2d 598 (La.App. 4 Cir. 1990),citing Richard v. Broussard, 495 So.2d 1291 (La. 1986). Most importantly, these remedies are mutually exclusive. Prior to deciding which remedy to pursue, a lessor should take into consideration that a lessor who wrongfully dispossesses the lessee from the premises is answerable in damages, unless he complies with the substantive law and judicial processes created to effectuate evictions. La.C.C.P. art. 4701,et seq. Accordingly, a lessor must take into consideration the nature of the rental agreement itself for purposes of eviction. Therefore, a review of La.C.C. art. 2686 is necessary. It provides as follow:
 If the renting of a house or other edifice,, has been made without fixing its duration, the lease shall be considered to have been made by the month. The parties must abide by the agreement as fixed at the time of the lease. If no time for its duration has been agreed on, the party desiring to put an end to it must give notice in writing to the other, at least ten days before the expiration of the month, which has begun to run. La.C.C. art. 2686, Management One of Louisiana, Inc. v. Thibodeaux, 598 So.2d 1224 (La.App. 4th Cir. 1992). (Emphasis Added).
In addressing your third question regarding removal of the boat if and when a judgment has been entered, "[a] notice to vacate in and of itself is only the initial stage in effectuating an eviction and it is upon lessee's failure to vacate the leased premises after receiving such notice that the lessor must proceed summarily to have the lessee evicted." Bill Kassel Farms, Inc., supra. Based upon statutory law and jurisprudence relative to this issue, this office has stated that an initial notice for possession of a boat slip should be delivered by the owner in accordance with Louisiana Civil Code of Procedure Article 4701, et seq. La. Atty. Gen. Op. No. 81-186. However, if the whereabouts of the occupant is unknown, all notices, process, pleadings, and orders required to be delivered or served may be attached to a door of the premises, which shall have the same effect as delivery to, or personal service. La.C.C.P. art 4701. This office is of the opinion that if an occupant refuses to accept a landlord's certified letter, then his refusal to accept is tantamount to his whereabouts being unknown. In that instance, the notice may be attached to the ship or the door of the boat if it is more convenient. La. Atty. Gen. Op. No. 81-186.
In answer to your final questions, after final notice and the procedures set forth in La C.C.P. art. 4731 et seq., have been followed, the proper procedure for having property removed is to have the constable execute a warrant of eviction in accordance with La.C.C.P. art. 4734 by removing the boat from the slip. If the boat cannot be secured nearby the boat should be regarded as any other abandoned property. La. Atty. Gen. Op. No. 81-186.
In conclusion, a justice of the peace court may demand and receive eighty dollars for filings and services in eviction proceedings which shall also be used for fees and operational expenses of the constable's office in his effort to remove a tenant's property from the premises.LSA-R.S. 13:2590.
We hope this opinion has sufficiently addressed your concerns. If our office may be of further assistance, please do not hesitate to contact us.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 ______________________ CHARLENE PATTERSON Assistant Attorney General
RPI/CP;mjb Enclosure
OPINION NUMBER 81-186
June 18, 1981
107 . . . SHERIFFS 57 . . . JUSTICES OF THE PEACE
Owner may have boat evicted from a marina slip with constable performing his duties as set forth in La.C.C.P. Art. 4701 et seq.
La.C.C.P. Art. 4701
Hon. Althea M. Wildgen Justice of the Peace 4th Ward — St. Tammany Parish 2142 Monroe Street Mandeville, LA 70448
Dear Judge Wildgen:
Your inquiry of recent date addressed to Attorney General William J. Guste, Jr. has been directed to me for attention and reply.
You ask the following questions relative to requests for eviction of boats from a private marina:
(1) How does the Constable serve the first notice?
(2) Where does he put the notice?
 (3) Can he board the boat since the marina is connected to navigable waters?
 (4) After final notice how does the constable handle the final eviction? and
 (5) Could the marina owner chain the boat to the dock in an effort to collect the rent due?
In the final analysis it appears this problem is primarily a civil matter and the lessor of the boat slips should be advised to procure legal counsel for guidance.
However, insofar as your questions relate to your office and the official function of the constable we are pleased to answer your requests.
(1) In the first instance assuming jurisdiction in your court under the provisions of La.C.C.P., Art. 4841 et seq., the first notice for possession of the slip should be delivered by the owner in accordance with La.C.C.P. 4701 et seq.
(2) If it is customary for the constable to serve first notices, and the lessee cannot otherwise be found, the said notice may be attached to the ship or the door of the boat if it is more convenient. Please see Article 4703.
(3) Therefore, the owner or constable may serve the first notice and the constable may serve any other notices, process, pleadings and otherwise comply with the orders of court under La.C.C.P. Art. 4703 by boarding the said boat. The criminal statute in R.S. 14:63.3 prohibiting the boarding of water craft is of no concern here since the first words of the statute reads "No person shall without authority go . . . upon . . . water craft." As stated above the authority is present by virtue of La.C.C.P. Art. 4703.
(4) After final notice and the procedures set forth in La.C.C.P. 4731
et seq. the constable shall execute the warrant of eviction in accordance with Article 4734 by removing the boat from the slip. If the boat cannot be secured nearby the boat should be regarded as any other abandoned property. This becomes the area where the owner pursuing his civil remedies might wish to prosecute his rights as a lessor and creditor as set forth in Article 4705.
(5) Your last question is concerned only with a civil matter. In the absence of permissive statutes or a seizure granted by the court the owner could not assert possession of the lessee's boat.
I trust the above will satisfactorily answer your inquiry, but if you have other questions regarding this matter please contact our office.
Sincerely yours,
 WILLIAM J. GUSTE, JR. ATTORNEY GENERAL
 BY: __________________________ HARRY H. HOWARD Assistant Attorney General
HHH:mb