COOKS, J.,
dissenting.
IT respectfully dissent from the majority’s opinion, finding the record does not support the trial court’s conclusion that the rule to evict filed on December 15, 2010 satisfied the requirements of Ms. Trahan’s right to notice to vacate under Louisiana law. The notice to vacate is an essential part of the summary eviction procedure provided for in La.Code Civ.P. art. 4701. Without-this notice there can be no judgment issued evicting Ms. Trahan.
Section 8 of the HUD-required tenancy addendum sets forth the substantive provisions relating to the termination of tenancy mandating that “the owner may only terminate the tenancy in accordance with the lease and HUD requirements.” Federal regulations require the owner to perform certain acts before attempting to evict a tenant from federally subsidized housing. Ms. Trahan’s lease included the following language concerning the notice requirements required under the law:
*198 a. Notice of grounds.
(1) The Owner must give the Tenant a notice that specifies the grounds for termination of tenancy. The notices of grounds must be given at or before commencement of the eviction action.
(2) The notice of grounds may be included in, or may be combined with, any Owner eviction notice to the Tenant.
b. State or local eviction notice.
12(1) Owner eviction notice means a notice to vacate, or a complaint or other initial pleading used under State or local law to commence an eviction.
(2) The owner must give the PHA a copy of any Owner eviction notice to the Tenant at the same time that the Owner gives notice to the Tenant.
Although Productive’s notices outline some of the basic requirements, i.e., setting forth the grounds for eviction, providing a thirty (30) day time period in which to vacate the premises, and informing Ms. Trahan of her right to present a defense at the eviction proceeding should she so choose (only the October 22, 2010 notice informed her of her right to present a defense), the record establishes the two notices in question were not served upon the Sulphur Public Housing Authority at the time notice was sent to Ms. Trahan.
Productive does not argue that any of its notices complied with the requirement for simultaneous service upon the Sulphur PHA. Instead, Productive asserts and the majority accepts, that its Rule to Evict was subsequently served on the Sulphur PHA, and that this was sufficient. I disagree.
As Ms. Trahan notes, Louisiana law requires that providing written notice to vacate is the initial step a lessor must take and is a prerequisite to filing a Rule to Evict. This court in Bill Kassel Farms, Inc., v. Paul, 96-462, p. 3 (La.App. 3 Cir. 12/11/96), 690 So.2d 807, 809, writ denied, 97-0712 (La.4/25/97), 692 So.2d 1095, found “a notice to vacate in and of itself is only the initial stage in effectuating an eviction and it is upon lessee’s failure to vacate the leased premises after receiving such notice that the lessor must proceed summarily to have the lessee evicted.” (Emphasis added) It is clear under Louisiana law that a valid notice to vacate must precede the filing of a rule to evict. Thus, there is no merit to Productive’s argument and the majority’s conclusion that its subsequent service to the Sulphur PHA of the rule to evict complies with the requirement for simultaneous service of the notice to vacate to the Sulphur PHA. Therefore, I would reverse the trial ^court’s judgment, which granted the Rule to Evict and assessed Ms. Trahan with court costs.